■ MULLEN & IANNARONE, P. C., Appellant, v STEP-SAVER DATA SYSTEMS, INC., et al., Respondents. [625 NYS2d 928] —Appeal by the defendant from an order of the Supreme Court, Suffolk County (Hand, J.), entered September 12, 1988.

Ordered that the order is affirmed, without costs or disbursements, for reasons stated by Justice Hand at the Supreme Court. Sullivan, J. P., Miller, Copertino, Joy and Friedmann, JJ., concur.

■ ELSIE M. NIEMANN et al., Respondents, v JOSEPH N. LUCA, JR., et al., Defendants, and TOWN OF SMITHTOWN, Appellant. (And Three Related Actions.) [625 NYS2d 267] —In an action to recover damages for personal injuries, the defendant Town of Smithtown, appeals, as limited by its brief, from so much of an order of the Supreme Court, Suffolk County (Oshrin, J.), dated January 31, 1994, as directed it to provide discovery and inspection of postaccident repairs and remedial measures.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, by deleting therefrom the provision directing the Town of Smithtown to provide discovery and inspection of postaccident repairs and remedial measures.

Evidence of subsequent repairs and remedial measures is not discoverable or admissible in a negligence case unless, unlike in this case, there is an issue of maintenance or control *(see, Cacciolo v Port Auth.,* 186 AD2d 528; *Klatz v Armor El. Co.,* 93 AD2d 633).

On the other hand, it has been consistently held that evidence of subsequent accidents at the same place and under the same conditions as the accident in question, while of no probative value regarding the question of notice, is admissible to establish the existence of a dangerous condition, instrumentality, or place *(Klatz v Armor El. Co., supra).* Bracken, J. P., Rosenblatt, Krausman and Goldstein, JJ., concur.