■ MARK CLELAND et al., Appellants, v 60-02 WOODSIDE CORP. et al., Respondents. [633 NYS2d 529] —In an action to recover

damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Queens County (Dye, J.), dated June 29, 1994, which denied their motion to preclude the defendants from offering evidence at trial as to the condition of a stairway and/or stoop at the time the plaintiff Mark Cleland allegedly fell and injured himself.

Ordered that the order is affirmed, with costs.

Evidence of subsequent repairs and remedial measures is not discoverable or admissible in a negligence case unless there is an issue of maintenance or control *(see, Niemann v Luca,* 214 AD2d 658; *Cacciolo v Port Auth.,* 186 AD2d 528; *Klatz v Armor El. Co.,* 93 AD2d 633). In their appellate brief, the defendants admit control of the subject premises. Accordingly, the information which the plaintiffs sought regarding repair work performed on the stairway and/or stoop subsequent to the accident was not material or relevant to prosecuting the action *(see,* CPLR 3101) and the failure on the part of the defendants to provide the plaintiffs with this information did not warrant the issuance of an order of preclusion regarding the condition of the stairway and/or stoop at the time of the accident. Balletta, J. P., Pizzuto, Joy and Altman, JJ., concur.