■ SAMUEL E. WILLIAMS, Respondent, v HEALY INTERNATIONAL CORP., Appellant, EDMUNDS CABLE SERVICES, INC., Respondent, et al., Defendants. (And a Third-Party Action.) [658 NYS2d 117] —In an action to recover damages for personal injuries, the defendant Healy International Corp. appeals, as limited by its brief, from so much of an order of the Supreme Court, Dutchess County (Bernhard, J.), entered June 5, 1996, as denied its cross motion for summary judgment dismissing the amended complaint and all cross claims insofar as asserted against it.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the cross motion of the defendant Healy International Corp. is granted, and the amended complaint and all cross claims are dismissed insofar as asserted against it.

The plaintiff was involved in a vehicular accident in which the truck he was operating collided with the rear of a stopped automobile. Following the accident, the plaintiff did not indicate to the police that he experienced any problem with the truck's brakes. However, in a subsequent handwritten report prepared by him regarding the accident, he claimed

that the collision occurred because a car ahead of him stopped short and he was unable to bring the truck, which was traveling at 40 miles per hour, to a stop in time to avoid the collision. The plaintiff subsequently commenced this action against, *inter alia,* the defendant Healy International Corp. (hereinafter Healy), alleging that the truck had been brought to Healy for an inspection and for certain repairs prior to the accident, that Healy had failed to properly inspect and repair the truck's brakes, and that the accident resulted from the purported defective condition of the brakes. Healy subsequently sought summary judgment dismissing the amended complaint and all cross claims insofar as asserted against it. In support of its motion, Healy submitted documentary evidence and deposition testimony establishing that the truck had passed a New York State safety inspection for various items, including the brakes, approximately two weeks prior to the accident, and that Healy had not performed any repairs with respect to the brakes. Moreover, Healy pointed to deposition testimony of the plaintiff indicating that shortly before the accident he experienced no mechanical difficulties with the truck. Although the plaintiff testified that on the day of the collision the brake pedal felt "spongy" and that he had to pump it in order to stop, he stated that he was able to bring the vehicle from a speed of 20 miles per hour to a complete halt within a distance of approximately five feet only minutes before the accident. The plaintiff opposed the motion with an affirmation of his attorney, who reiterated the plaintiff's claim made during his deposition that when he applied the brakes immediately prior to the collision, they locked and failed to stop the truck. The Supreme Court denied Healy's request for summary judgment. We reverse.

Healy made a prima facie showing of its entitlement to judgment as a matter of law *(see generally, Winegrad v New York Univ. Med. Ctr.,* 64 NY2d 851) by demonstrating that the brakes passed inspection approximately two weeks prior to the accident and were functioning adequately immediately before the collision. In response, the plaintiff failed to come forward with any evidence establishing either that the brakes were in fact defective or that such a purported defect caused the accident. Moreover, even if a defective condition had been established, the plaintiff came forward with no evidence indicating that the condition existed at the time the truck was inspected by Healy. Under these circumstances, the plaintiff failed to raise a triable issue of fact in opposition to the motion *(see generally, Zuckerman v City of New York,* 49 NY2d 557), and Healy is entitled to an award of summary judgment. Bracken, J. P., Sullivan, Pizzuto and Krausman, JJ., concur.