■ SYDNEE GORDON, Appellant, v CITY OF NEW YORK, Defendant, and LEXINGTON-79TH CORPORATION, Respondent. [666 NYS2d 186] —Order, Supreme Court, New York County (Norman Ryp, J.), entered March 14, 1997, which, insofar as appealed from, denied plaintiff's motion for disclosure sanctions against defendant-respondent for its failure to produce two written post-accident repair estimates for the sidewalk where plaintiff fell, unanimously modified, on the facts, to direct production of such estimates, and otherwise affirmed, without costs.

The requested repair estimates, even if ultimately held inadmissible at trial because made after the accident, are discoverable since they may shed light on the issue of who controlled or maintained the area of the sidewalk where the accident occurred (*see, Olivia v Gouze*, 285 App Div 762, 765, *affd* 1 NY2d 811; *cf., Cleland v 60-02 Woodside Corp.*, 221 AD2d 307). We have considered plaintiff's argument that defendant's failure to produce the repair estimates was willful and contumacious, and find that defendant's conduct does not warrant sanctions at this time. Plaintiff's argument concerning the sufficiency of defendant's affidavit attesting to the nonexistence of certain documents that were directed to be produced in the order on appeal should be addressed in the first instance to the motion court. Concur—Ellerin, J. P., Wallach, Mazzarelli, Andrias and Colabella, JJ.