■ J. ROBERT TUTHILL, Respondent, v TOWN & COUNTRY OIL CORPORATION, Appellant. [682 NYS2d 907] —In an action, *inter alia*, to recover damages for wrongful death, the defendant appeals from so much of an order of the Supreme Court, Westchester County (DiBlasi, J.), entered January 13, 1998, as directed the defendant's attorneys to pay a sanction in the sum of $1,500 to the "Client's Security Fund" as a condition to the denial of the plaintiff's motion to preclude the defendant from using expert witnesses at trial.

Ordered that the appeal is dismissed, without costs or disbursements (*see, Scopelliti v Town of New Castle,* 92 NY2d 944). Bracken, J. P., Ritter, Santucci and Altman, JJ., concur.

■ LUCINDA WATSON, Respondent, v FHE SERVICES, INC., Doing Business as FLYNN-HILL ELEVATOR CORP., Appellant. [684 NYS2d 283] —In an action to recover damages for personal injuries, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Kings County (Rappaport, J.), dated January 6, 1998, as granted that branch of the plaintiff's cross motion which was to compel it to disclose records regarding repairs made to the subject elevator subsequent to the date of the accident at issue.

Ordered that the order is reversed insofar as appealed from, with costs, and that branch of the plaintiff's motion which was to compel the defendant to disclose records regarding repairs made to the subject elevator subsequent to the date of the accident at issue is denied.

The Supreme Court erred in ordering the defendant to disclose records of repairs made to the elevator in which the plaintiff was allegedly injured, subsequent to the date of the subject accident. It is well settled that "[e]vidence of subsequent repairs * * * is not discoverable or admissible in a negligence case unless there is an issue of maintenance or control" (*Cleland v 60-02 Woodside Corp.,* 221 AD2d 307, 308; *see, Niemann v Luca,* 214 AD2d 658; *Klatz v Armor El. Co.,* 93 AD2d 633). In the instant case, there is no issue as to the maintenance and control of the elevator at issue. Miller, J. P., Thompson, McGinity and Luciano, JJ., concur.