■ CHRISTINE M. BRESLIN, Appellant, v MICHAEL RIJ, Defendant, and ANTON'S CAR CARE CENTER, LTD., Doing Business as MOBIL, Respondent. [686 NYS2d 91] —In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Oshrin, J.), dated January 27, 1998, which granted the motion of the defendant Anton's Car Care Center, Ltd., d/b/a Mobil, for summary judgment dismissing the complaint insofar as asserted against it.

Ordered that the order is affirmed, with costs.

The plaintiff sustained physical injuries when a vehicle owned and operated by the defendant Michael Rij failed to stop at a red light and collided with her vehicle, allegedly due to brake failure. The brakes of the Rij vehicle had been serviced four days earlier by the defendant Anton's Car Care Center, Ltd. (hereinafter Anton's).

Anton's made a prima facie showing of its entitlement to judgment as a matter of law by demonstrating that the brakes were functioning adequately four days before the accident, as well as immediately before the collision (see, Williams v Healy Intl. Corp., 240 AD2d 403, 404). The plaintiff failed to raise a triable issue of fact in opposition to the motion for summary

judgment since she failed to come forward with any evidence that the brakes were defective or that any purported defect caused the accident. The plaintiff may not rely upon the doctrine of res ipsa loquitur against Anton's since Anton's did not control the instrumentality at the time of the accident (*see, Caffiero v Shore,* 216 AD2d 265; *Veltri v Stahl,* 155 AD2d 287). O'Brien, J. P., Ritter, Joy and Altman, JJ., concur.