■ In the Matter of the Estate of MARION KLEIN, Deceased. FLORENCE STEIN et al., Respondents; DELORES G. SACHS, Appellant. [693 NYS2d 256] —Carpinello, J. Appeal from a decree of the Surrogate's Court of Schenectady County (Kramer, S.), entered September 3, 1997, which admitted to probate an instrument purporting to be the last will and testament of decedent.

At issue on this appeal is the validity of a will dated April 28, 1980 in which decedent, having no close relatives, left substantially all of her estate to charity. Following a jury trial, a verdict was rendered that the will had been executed in conformance with all of the formal requirements of EPTL 3-2.1. Respondent, a cousin of decedent and objectant in the probate proceeding, appeals from the decree of Surrogate's Court admitting this will to probate.

The record reveals that decedent executed two wills, the first, previously identified, and a second dated August 9, 1990. Although this latter will was first offered for probate, it was rejected after it was established that only one witness, Joan Contompasis, was physically present at its signing. Contompasis testified that at the time of the signing of the 1990 will, decedent asked her to destroy the 1980 will, which she did by tearing it up in decedent's presence. The pieces of the torn will were preserved with the 1990 will. When the latter will was denied probate, the 1980 will was then offered.

Respondent advances two arguments for reversal, both of which we reject. First, she claims that her attorney was unduly restricted by Surrogate's Court during his cross-examination of Contompasis at the trial. According to respondent, she was denied a fair opportunity to cross-examine Contompasis about prior inconsistent statements concerning

the number of times she actually met decedent. At the probate hearing on the 1990 will, Contompasis testified that the 1990 will signing was the first time she had physically been in decedent's presence. At trial of the probate of the 1980 will, however, Contompasis testified that she was one of two witnesses physically present at the signing of the *1980* will. She acknowledged during her direct and cross-examinations, however, that her earlier hearing testimony was in error.

Respondent makes much of the fact that during cross-examination her counsel was precluded from making any reference to the 1990 will, Surrogate's Court having ruled that the circumstances surrounding the execution of the latter will were "irrelevant" and would only "confuse this jury" which was impaneled solely to try the validity of the 1980 will. Upon our review of the challenged questions, we agree. Counsel for respondent was given considerable latitude to conduct a lengthy cross-examination of Contompasis, which included an impeachment by full use of her prior inconsistent statement. More importantly, she admitted the inconsistency (*see, e.g., People v Benson*, 233 AD2d 749, 751, *lv denied* 89 NY2d 940, 942). The circumstances surrounding the execution of the 1990 will clearly had nothing to do with the issue of whether the 1980 will had been properly executed.

Respondent's second argument is equally without merit. She contends that the 1980 will was revoked by its destruction. A plain reading of EPTL 3-4.1 (a) (2) (A) (ii) reveals that a will may be revoked by an act of destruction performed by one other than the testator if the act is performed in the presence of the testator *and* two other witnesses, neither of whom shall be the person who performed the act of destruction. For much the same reason that the 1990 will was invalid (Contompasis having been the sole witness), the destruction of the 1980 will by Contompasis in the absence of two witnesses failed to effectively revoke it.

Mikoll, J. P., Crew III, Yesawich Jr. and Peters, JJ., concur. Ordered that the decree is affirmed, without costs.