■ BARBARA DAVID, Respondent, v CITY OF NEW YORK, Appellant. [700 NYS2d 235] —In an action to recover damages for personal injuries, the defendant appeals from a judgment of the Supreme Court, Kings County (Steinhardt, J.), entered July 14, 1998, which, upon a jury verdict finding it 100% at fault in the happening of the accident, and a jury verdict on the issue of damages, as reduced by order of the same court dated June 26, 1997, pursuant to a stipulation of the parties, awarding the plaintiff the sum of $1,424,000, including an award for past pain and suffering in the sum of $520,000 and an award for future pain and suffering in the sum of $520,000, is in favor of the plaintiff and against it in the sum of $1,424,000.

Ordered that the judgment is reversed, on the law, and a new trial on the issues of liability and damages is granted, with costs to abide the event.

On the morning of January 29, 1990, the plaintiff was injured when she tripped and fell on the sidewalk near the corner of Court and Montague Streets in Brooklyn. The plaintiff subsequently commenced this action against the City, claiming that her accident had been caused by a hole in the curb at the edge of the sidewalk. At the conclusion of the liability phase of a bifurcated trial, the jury found the defendant 100% at fault for the plaintiff's injuries.

On appeal, the defendant contends that the liability verdict must be reversed because the trial court denied its request to charge the jury that it could be found liable only if it had prior written notice of the sidewalk defect which allegedly caused the plaintiff's fall. We agree. Administrative Code of City of New York § 7-201 (c) limits the City's duty of care over municipal streets and sidewalks. Liability is imposed only for those defects or hazardous conditions for which the City has actually been notified exist at a specified location (*see, Katz v City of New York,* 87 NY2d 241, 243). Thus, prior written notice of a defect is a condition precedent which the plaintiff must plead and prove to maintain an action against the City (*see, Katz v City of New York, supra; Poirier v City of Schenectady,* 85 NY2d 310, 313). To demonstrate compliance with the prior written notice provision, the plaintiff submitted evidence that a map prepared by the Big Apple Pothole and Sidewalk Protection Corp., Inc., and served upon the Department of Transportation, indicated the existence of a broken curb on the northwest

corner of Court and Montague Streets. Although such maps may serve as prior written notice of a defective condition (*see, Katz v City of New York, supra*), there is a factual dispute regarding the precise location of the defect which allegedly caused the plaintiff's fall, and whether the alleged defect was the broken curb designated by the map. Under these circumstances, the trial court should have granted the defendant's request to charge that it could not be held liable unless the jury found that it had received prior written notice of the particular defect which caused the plaintiff's accident.

The error was compounded by the fact that the trial court gave a constructive notice charge that the defendant could be found negligent if, in the use of reasonable care, it should have known of the alleged sidewalk defect "in time to have corrected it or taken other suitable precautions". In the recent case of *Amabile v City of Buffalo* (93 NY2d 471), the Court of Appeals clarified that constructive notice of a sidewalk defect does not satisfy the statutory requirement that written notice be given to a municipality. Accordingly, the jury should not have been instructed that the City could be found negligent if it had constructive notice of the defect.

Since a new liability trial is required, we also note that the trial court should have sustained the defendant's objection to the plaintiff's testimony that the defect which caused her accident was subsequently repaired. Evidence that repairs were made or remedial measures taken after an accident are not admissible to show that a party was negligent unless there is a disputed issue of maintenance or control (*see, Watson v FHE Servs.*, 257 AD2d 618; *Cleland v 60-02 Woodside Corp.*, 221 AD2d 307). As there was no disputed issue concerning the maintenance and control of the sidewalk where the accident occurred, the plaintiff's testimony regarding subsequent repairs should have been stricken. In addition, the trial court should have excluded evidence that permits were issued to contractors for certain construction work, including repaving, in the vicinity of the accident site. There is no indication that the work authorized by those permits was connected to the sidewalk defect which caused the plaintiff's fall, and the admission of such irrelevant evidence could serve only to confuse the jury (*see, Matter of Klein*, 262 AD2d 878).

The damages awarded by the jury for past and future pain and suffering deviate materially from what would be reasonable compensation for the plaintiff's injuries (*see generally, Dooknah v Thompson*, 249 AD2d 260; *Zavurov v City of New York*, 241 AD2d 491; *Lemberger v City of New York*, 211 AD2d

622; *Burton v New York City Hous. Auth.,* 191 AD2d 669). Accordingly, we have granted a new trial on the issue of damages as well as liability.

In light of our determination, it is unnecessary to reach the defendant's remaining contentions. Thompson, J. P., Joy, Krausman and Goldstein, JJ., concur.