■ MATILDA PISANO et al., Appellants, v DOOR CONTROL, INC., Respondent, et al., Defendant. [702 NYS2d 307] —In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Westchester County (Rudolph, J.), entered June 18, 1999, which granted the motion of the defendant Door Control, Inc., for a protective order precluding the plaintiffs from deposing an employee of the plaintiffs' choosing.

Ordered that the order is affirmed, with costs.

It is well established that a corporation has the right in the first instance to determine which of its representatives will appear for an examination before trial (*see, Barone v Great Atl. & Pac. Tea Co.,* 260 AD2d 417; *Mercado v Alexander,* 227 AD2d 391; *Defina v Brooklyn Union Gas Co.,* 217 AD2d 681, 682). Here, the defendant Door Control, Inc., produced its president who testified with respect to the operation, maintenance, and

repair of the automatic sliding door by which the plaintiff Matilda Pisano was allegedly injured. The plaintiffs failed to show that this witness had insufficient knowledge or was otherwise inadequate (*see, Saxe v City of New York,* 250 AD2d 751; *Carter v New York City Bd. of Educ.,* 225 AD2d 512; *Perez v City of White Plains,* 222 AD2d 663). Moreover, even if the proposed witness possesses additional information regarding subsequent repairs, such evidence is not discoverable or admissible in this negligence case (*see, Watson v FHE Servs.,* 257 AD2d 618; *Cleland v 60-02 Woodside Corp.,* 221 AD2d 307, 308; *Niemann v Luca,* 214 AD2d 658). O'Brien, J. P., Sullivan, Goldstein, Luciano and Feuerstein, JJ., concur.