■ ANTONIO TUFANO et al., Respondents, v NOR-HEIGHTS SERVICE CENTER, INC., et al., Appellants, et al., Defendants. [790 NYS2d 486]—

In an action to recover damages for personal injuries, etc., the defendants Nor-Heights Service Center, Inc., and Nor-Group Management, Inc., appeal from an order of the Supreme Court, Suffolk County (Pitts, J.), dated October 31, 2003, which denied their motion for summary judgment dismissing the complaint insofar as asserted against them.

Ordered that the order is reversed, on the law, with costs, the motion is granted, the complaint is dismissed insofar as asserted against the appellants, and the action against the remaining defendants is severed.

The plaintiff Antonio Tufano sustained physical injuries when a vehicle operated by the defendant Elizabeth DeBlasi failed to stop, allegedly due to brake failure, and collided with the rear of Tufano's vehicle. The brakes of the DeBlasi vehicle were

serviced nine days prior to the accident by the defendant Nor-Heights Service Center, Inc., which is owned by the defendant Nor-Group Management, Inc. (hereinafter collectively referred to as Nor-Heights). Tufano and his wife thereafter commenced this action against DeBlasi, vehicle owner Colleen Pappas, and Nor-Heights. The Supreme Court denied a motion by Nor-Heights for summary judgment. We reverse.

Nor-Heights made a prima facie showing of its entitlement to judgment as a matter of law by demonstrating that the brakes were functioning adequately for nine days prior to the accident and immediately before the collision (*see Breslin v Rij*, 259 AD2d 458 [1999]). In opposition, the plaintiffs failed to raise a triable issue of fact. They failed to come forward with any evidence that any purported defect in the brakes was caused by or should have been discovered by Nor-Heights (*see Williams v Healy Intl. Corp.*, 240 AD2d 403, 404 [1997]). Under such circumstances, the Supreme Court should have granted the motion by Nor-Heights for summary judgment. Schmidt, J.P., Santucci, Crane and Skelos, JJ., concur.