James A. Hughes, as Administrator of the Estate of Paul F. Allen, Deceased, Appellant, v Cold Spring Construction Company, et al., Defendants. State of New York, Respondent. [809 NYS2d 751]—

Appeal from an order of the Supreme Court, Onondaga

County (Anthony J. Paris, J.), entered January 5, 2005. The order, inter alia, denied plaintiff's motion to compel the State of New York, a nonparty, to comply with the subpoena dated August 23, 2004.

It is hereby ordered that the order so appealed from be and the same hereby is unanimously reversed on the law without costs, the motion to compel is granted and the motion for a protective order is denied.

Memorandum: Plaintiff commenced this action seeking damages for the wrongful death of plaintiff's decedent and the injuries sustained by decedent arising from a motor vehicle accident just past the tollbooths at an exit for the New York State Thruway. The area where the accident occurred was under construction and, according to plaintiff, the accident occurred when decedent was diverted by inappropriate traffic control devices into an oncoming lane of traffic. Plaintiff by subpoena sought disclosure of certain documents from the State of New York (State), a nonparty herein but a defendant in an action commenced by plaintiff in the Court of Claims. Plaintiff thereafter moved to compel the State to comply with the subpoena, and the State moved for a protective order to the extent that the documents sought by plaintiff disclosed the State's postaccident remedial measures.

We conclude that Supreme Court should have granted plaintiff's motion. The State contends that, because it concedes that it had control over the traffic control devices in the construction area, it should not be required to disclose the documents at issue. Here, however, plaintiff has alleged that, despite the State's general control over the construction project, defendant Cold Spring Construction Company (Cold Spring), the general contractor, exercised a sufficient degree of control to make changes to the traffic control devices in the construction area. Indeed, plaintiff submitted evidence that Cold Spring's project supervisor directed traffic away from an area where Cold Spring was performing construction work. "The cases are legion in holding that evidence of subsequent repairs is not discoverable or admissible in a negligence case . . . [, but e]vidence of subsequent repairs may be admissible if an issue of control . . . exists" (*Klatz v Armor El. Co.*, 93 AD2d 633, 637 [1983]; *see Scudero v Campbell*, 288 NY 328 [1942]). Here, plaintiff has raised an issue of control, and thus we conclude that documents disclosing the State's postaccident remedial measures are "material and necessary in the prosecution . . . of [this] action" (CPLR 3101 [a]). Present—Pigott, Jr., P.J., Hurlbutt, Gorski and Smith, JJ.