GERALDINE CARR McCONNELL, Respondent, v HIRAM SANTANA et al., Appellants. [816 NYS2d 372]—

In an action, inter alia, to recover damages for wrongful death, etc., the defendants appeal, as limited by their brief, from so much of an order of the Supreme Court, Richmond County (Maltese, J.), dated May 10, 2005, as granted that branch of the plaintiff's motion which was to compel disclosure of item Nos. 1, 4, and 6, and stated portions of item No. 2 of the notice of discovery dated July 28, 2003, and item Nos. 1, 2, 5, and 9 of the notice of discovery dated December 3, 2004.

Ordered that the order is modified, on the law and as a matter of discretion, by (1) deleting the provision thereof granting that branch of the motion which was to compel disclosure of item No. 1 of the notice dated July 28, 2003, and substituting therefor a provision denying that branch of the motion, and (2)

deleting the provision thereof granting that branch of the motion which was to direct the defendants to provide, in response to item No. 2 of the notice dated July 28, 2003, repair and service records of the bus up to the time of the repairs made to the bus as a result of the subject accident, and substituting therefor a provision granting that branch of the plaintiffs' motion only to the extent of directing the defendants to provide, in response to item No. 2, repair and service records of the bus up to the time of the accident; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.

The Supreme Court erred in granting that branch of the plaintiff's motion which was to compel disclosure of item No. 1 of the notice dated July 28, 2003. Under item No. 1, the plaintiff sought authorization to obtain the medical records of the defendant Hiram Santana from the hospital where he was treated immediately after the accident. The plaintiff failed to demonstrate that Santana's mental or physical condition at the time of the accident was "in controversy" (CPLR 3121 [a]; *see Dillenbeck v Hess*, 73 NY2d 278, 286-287 [1989]; *Koump v Smith*, 25 NY2d 287, 300 [1969]; *Lombardi v Hall*, 5 AD3d 739, 739-740 [2004]). Santana's deposition did not reveal that he suffered from any mental or physical disability at the time of the accident, and there is no evidence that the defendants affirmatively asserted the condition either by way of counterclaim or to excuse the conduct complained of by the plaintiff (*see Gandy v Larkins*, 165 AD2d 862 [1990]; *Cannistra v County of Putnam*, 139 AD2d 479 [1988]; *Gaglia v Wells*, 112 AD2d 138 [1985]).

Furthermore, the Supreme Court erred in directing the defendants to provide records of repairs and service of the bus up to the time of repairs as a result of the accident. Evidence of repairs and remedial measures subsequent to the accident is not discoverable or admissible in a case based on negligence (*see Orlando v City of New York*, 306 AD2d 453 [2003]; *Watson v FHE Servs.*, 257 AD2d 618 [1999]; *Klatz v Armor El. Co.*, 93 AD2d 633, 637 [1983]).

The defendants' remaining contentions are without merit (*see* CPLR 3101 [d]; 3116 [c]; *Perfido v Messina*, 125 AD2d 654 [1986]). Florio, J.P., Santucci, Mastro, Rivera and Covello, JJ., concur.