■ MICHAEL SARAFOLEAN et al., Appellants, v ACCOMPLICE NEW YORK et al., Respondents, et al., Defendant. [904 NYS2d 223]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from a judgment of the Supreme Court, Kings County (Held, J.), entered July 22, 2008, which, upon an order of the same court dated March 13, 2008, granting the motion of the defendants Accomplice New York, Accomplice, Inc., Tom Salamon, and Elizabeth Sufott, also known as Betsy Sufott, for summary judgment dismissing the complaint insofar as asserted against those defendants, is in favor of those defendants and against them dismissing the complaint insofar as asserted against those defendants.

Ordered that the judgment is modified, on the law, by deleting the provision thereof in favor of the defendants Accomplice New York and Accomplice, Inc., and against the plaintiffs dismissing the complaint insofar as asserted against those defendants, that branch of the motion of the defendants Accomplice New York, Accomplice, Inc., Tom Salamon, and Elizabeth Sufott, also known as Betsy Sufott, which was for summary judgment dismissing the complaint insofar as asserted against the defendants Accomplice New York and Accomplice, Inc., is denied; as so modified, the judgment is affirmed, with costs to the plaintiffs, payable by the defendants Accomplice New York and Accomplice, Inc., and the action is severed against the defendants Tom Salamon, Elizabeth Sufott, also known as Betsy Sufott, and Billy Beyrer, and the order dated March 13, 2008, is modified accordingly.

On May 7, 2006 the plaintiff Michael Sarafolean (hereinafter the plaintiff) participated, as a paid customer, in a scavenger hunt as part of an interactive walking tour and show run by Accomplice, Inc., doing business as Accomplice New York (hereinafter Accomplice), sued herein as Accomplice New York and Accomplice, Inc. The defendants Tom Salamon and Elizabeth Sufott, also known as Betsy Sufott, are officers of Accomplice.

At one point in the show, an actor employed by Accomplice furnished the plaintiff with a bicycle so that he could more quickly reach a destination in the scavenger hunt. The plaintiff testified at his deposition that, as he rode the bicycle on the Brooklyn Bridge, he applied the brakes, they failed to operate, and he collided with a concrete barrier in his path, thereby causing him to sustain injuries.

Accomplice, Salamon, and Sufott (hereinafter collectively the defendants) moved for summary judgment dismissing the complaint insofar as asserted against them on the ground, inter alia, that the accident was not caused by a defect in the brakes. In support of their motion, the defendants submitted evidence, including the plaintiff's deposition testimony and the affidavit of an Accomplice employee, who averred that the brakes were working on May 7, 2006, both when he rode the bicycle to the Brooklyn Bridge prior to the accident and away from the Brooklyn Bridge after the accident. The defendants further submitted the affidavit of an engineer who, upon examining the bicycle on March 30, 2007, opined that, despite damage to the front of the bicycle from the accident, the rear brakes were functioning properly and capable of bringing the bicycle to a full stop under the conditions and speed at which the plaintiff had been riding it.

The evidence submitted by the defendants failed to eliminate all triable issues of fact as to whether the brakes of the bicycle which Accomplice furnished the plaintiff were, in fact, defective. Accordingly, Accomplice failed to establish its prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against it (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]; *cf. Tufano v Nor-Hgts. Serv. Ctr., Inc.*, 15 AD3d 470, 471 [2005]; *Breslin v Rij*, 259 AD2d 458, 458-459 [1999]). Inasmuch as Accomplice failed to carry its prima facie burden, denial of that branch of the defendants' motion which was for summary judgment dismissing the complaint insofar as asserted against Accomplice was required, without regard to the sufficiency of the plaintiffs' opposition papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

The defendants Salamon and Sufott, however, established their prima facie entitlement to judgment as a matter of law dismissing the complaint insofar as asserted against them by submitting evidence that they did not act in their individual capacities or commit any tort outside the scope of their corporate capacities, and the plaintiffs, in opposition, failed to raise a triable issue of fact (*see Bernstein v Starrett City*, 303 AD2d 530, 532 [2003]). Accordingly, the Supreme Court properly

awarded summary judgment to Salamon and Sufott dismissing the complaint insofar as asserted against them.

Accomplice's remaining contentions are without merit. Fisher, J.P., Angiolillo, Leventhal and Lott, JJ., concur.