JOHN A. DEL VECCHIO et al., Plaintiffs, v DANIELLE ASSOCIATES, LLC, Defendant/Third-Party Plaintiff-Appellant, et al., Defendant. SATURN OF NEWBURGH, INC., Third-Party Defendant-Respondent. (And a Second Third-Party Action.) [942 NYS2d 217]—

In an action to recover damages for personal injuries, etc., the defendant third-party plaintiff appeals, as limited by its brief, from so much of an order of the Supreme Court, Kings County (Silber, J.), entered August 26, 2011, as denied that branch of its motion which was to compel the third-party defendant to produce records of repairs made to the subject parking lot following the date of the subject accident.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the motion of the defendant/third-party plaintiff which was to compel the third-party defendant to produce records of repairs made to the subject parking lot following the date of the subject accident is granted.

In October 2008 the injured plaintiff and his wife, suing derivatively, commenced this action to recover damages for personal injuries allegedly sustained by the injured plaintiff when he fell in a parking lot owned by the defendant/third-party plaintiff, Danielle Associates, LLC (hereinafter Danielle), and leased by the third-party defendant, Saturn of Newburgh, Inc. (hereinafter Saturn). Insofar as relevant here, the Supreme Court denied that branch of Danielle's motion which was to compel Saturn to produce records of repairs made to the subject parking lot following the date of the subject accident.

CPLR 3101 (a) requires full disclosure of all evidence material and necessary in the prosecution or defense of an action (*see Giordano v New Rochelle Mun. Hous. Auth.*, 84 AD3d 729, 730-731 [2011]; *Kooper v Kooper*, 74 AD3d 6, 10 [2010]). "Evidence of subsequent repairs and remedial measures is not discoverable or admissible in a negligence case unless there is an issue of maintenance or control" (*Cleland v 60-02 Woodside Corp.*, 221 AD2d 307, 308 [1995]; *see Hughes v Cold Spring Constr. Co.*, 26 AD3d 858, 859 [2006]; *Niemann v Luca*, 214 AD2d 658 [1995]; *Cacciolo v Port Auth. of N.Y. & N.J.*, 186 AD2d 528, 530 [1992]; *Klatz v Armor El. Co.*, 93 AD2d 633, 637 [1983]).

Here, the material sought by Danielle may be relevant in determining which entity maintained and controlled the area where the accident allegedly occurred. Thus, such material is properly subject to disclosure. Accordingly, the Supreme Court should have granted that branch of Danielle's motion which was to compel Saturn to produce records of repairs made to the subject parking lot following the date of the subject accident (*see Hughes v Cold Spring Constr. Co.*, 26 AD3d at 859; *DeRoche v Methodist Hosp. of Brooklyn*, 249 AD2d 438, 439 [1998]). Rivera, J.P., Chambers, Roman and Sgroi, JJ., concur.