■ VIANA GRAHAM, Appellant, v KONE, INC., Respondent. [12 NYS3d 546]—In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Suffolk County (Garguilo, J.), dated May 12, 2014, which denied her motion to compel the defendant to produce records of repairs made to the subject elevator following the date of the subject accident.

Ordered that the order is affirmed, with costs.

CPLR 3101 (a) provides that "[t]here shall be full disclosure

of all matter material and necessary in the prosecution or defense of an action, regardless of the burden of proof" (*see Giordano v New Rochelle Mun. Hous. Auth.*, 84 AD3d 729 [2011]; *Kooper v Kooper*, 74 AD3d 6 [2010]). "[E]vidence of subsequent repairs is not discoverable or admissible in a negligence case" (*Klatz v Armor El. Co.*, 93 AD2d 633, 637 [1983]; *see Del Vecchio v Danielle Assoc., LLC*, 94 AD3d 941 [2012]; *McConnell v Santana*, 30 AD3d 481 [2006]; *Orlando v City of New York*, 306 AD2d 453 [2003]). An exception to this rule applies if a defendant's maintenance of, or control over, the subject instrumentality is at issue (*see Del Vecchio v Danielle Assoc., LLC*, 94 AD3d at 942; *Watson v FHE Servs.*, 257 AD2d 618 [1999]; *Angerome v City of New York*, 237 AD2d 551 [1997]).

Here, the plaintiff moved to compel production of post-accident repair records generated during the three-year period between the date of the plaintiff's accident and the date of the inspection of the subject elevator by the plaintiff's expert. Yet it is undisputed that the defendant exercised maintenance and control over the elevator. Accordingly, the Supreme Court properly denied the plaintiff's motion, as such evidence is not discoverable and is not admissible at trial (*see Del Vecchio v Danielle Assoc., LLC*, 94 AD3d at 942; *McConnell v Santana*, 30 AD3d at 482; *Orlando v City of New York*, 306 AD2d at 454). Skelos, J.P., Balkin, Chambers and Miller, JJ., concur.