■ FRANK VACCARIELLO, Respondent, v MEINEKE CAR CARE CENTER, INC., Doing Business as MEINEKE SHOP #296, Appellant. [26 NYS3d 139]—

In an action to recover damages for personal injuries, the defendant appeals from an order of the Supreme Court, Westchester County (Smith, J.), dated August 25, 2014, which granted that branch of the plaintiff's motion which was for leave to reargue his opposition to that branch of the defendant's motion which was for summary judgment dismissing the

complaint, which had been granted in an order of the same court dated January 7, 2014, and, upon reargument, in effect, vacated the order dated January 7, 2014, and thereupon denied that branch of the defendant's motion which was for summary judgment dismissing the complaint, and denied that branch of the defendant's motion which was to dismiss the complaint as a sanction for spoliation of evidence.

Ordered that the order dated August 25, 2014, is modified, on the law, (1) by deleting the provisions thereof, upon reargument, vacating the order dated January 7, 2014, and thereupon denying that branch of the defendant's motion which was for summary judgment dismissing the complaint, and substituting therefor a provision, upon reargument, adhering to the determination in the order dated January 7, 2014, granting that branch of the motion, and (2) by adding to the provision thereof denying that branch of the defendant's motion which was to dismiss the complaint as a sanction for spoliation of evidence the words " as academic"; as so modified, the order dated August 25, 2014, is affirmed, with costs to the defendant.

On July 14, 2006, the defendant, a motor vehicle repair shop, performed repairs to the plaintiff's vehicle brakes, rotors, and calipers. The plaintiff alleges that on September 14, 2006, he brought his vehicle back to the defendant because, among other things, he heard a "weird sound" coming from the vehicle. The plaintiff left his vehicle at the defendant's repair shop for less than an hour, and when he returned, an employee of the defendant informed him that his vehicle only needed brake fluid. The defendant did not charge the plaintiff for this follow-up service, nor did it keep any record of the visit.

The plaintiff alleges that on September 16, 2006, as he was attempting to make a turn, he lost control of his vehicle because his brakes failed, and collided with a wall. The plaintiff commenced this action to recover damages for the personal injuries he allegedly sustained as a result of the defendant's negligence in, among other things, failing to properly inspect and repair the brakes on September 14, 2006.

The defendant moved for summary judgment dismissing the complaint, and also to dismiss the complaint as a sanction for the plaintiff's purported spoliation of the vehicle in 2008. In an order dated January 7, 2014, the Supreme Court granted that branch of the defendant's motion which was for summary judgment dismissing the complaint, and did not reach the remaining branch of the defendant's motion. The court determined, among other things, that in opposition to the defendant's mo-

tion, the plaintiff failed to raise a triable issue of fact. In this regard, the plaintiff had submitted an invoice from M&M Service, Inc., an auto repair shop, dated September 20, 2006 (hereinafter the M&M invoice), which stated: "The vehicle came in with the left front caliper hanging by the hydra[u]lic hose, and one of the two pistons was missing. It was found that the bolts that hold the caliper to the caliper bracket were not tightened properly and vibr[a]ted off causing the caliper to detach itself from its place of [r]esidence on the caliper bracket, which in turn caused a loss of hydra[u]lic pressure resulting in brake failure." The M&M invoice was not certified as a business record, and did not identify the person who prepared it. The court did not consider the M&M invoice, on the ground that evidence of postaccident repairs is inadmissible as proof of a defendant's admission of negligence. Without considering the M&M invoice, the court found that the plaintiff failed to submit any evidence that the defendant was negligent in its installation, service, or inspection of the brakes.

Thereafter, the plaintiff moved for leave to reargue his opposition to that branch of the defendant's motion which was for summary judgment dismissing the complaint on the grounds that the Supreme Court overlooked the plaintiff's deposition testimony that he personally observed the calipers hanging off the vehicle after the accident, and that the court misapprehended the law as it related to the admissibility of the M&M invoice. In an order dated August 15, 2014, the Supreme Court granted leave to reargue, and, upon reargument, in effect, vacated the order dated January 7, 2014, and thereupon denied the defendant's motion in its entirety. The defendant appeals, and we modify.

"Motions for reargument are addressed to the sound discretion of the court which decided the original motion and may be granted upon a showing that the court overlooked or misapprehended the facts or law or for some reason mistakenly arrived at its earlier decision" (*Ito v 324 E. 9th St. Corp.*, 49 AD3d 816, 817 [2008]; *see E.W. Howell Co., Inc. v S.A.F. La Sala Corp.*, 36 AD3d 653, 654 [2007]; *Carrillo v PM Realty Group*, 16 AD3d 611 [2005]; *see also* CPLR 2221 [d] [2]). Here, the Supreme Court providently exercised its discretion in granting leave to reargue, as it overlooked the plaintiff's deposition testimony regarding his personal observations of the vehicle's brake calipers after the accident, and misapprehended that the plaintiff was submitting the M&M invoice for the purpose of describing the condition of the brakes at the time of the accident (*see Francklin v New York El. Co., Inc.*, 38 AD3d

329 [2007]), and not to prove the defendant's admission of negligence (*see Del Vecchio v Danielle Assoc., LLC*, 94 AD3d 941, 942 [2012]; *McConnell v Santana*, 30 AD3d 481, 482 [2006]; *Klatz v Armor El. Co.*, 93 AD2d 633 [1983]).

Upon reargument, however, the Supreme Court should have adhered to its prior determination granting that branch of the defendant's motion which was for summary judgment dismissing the complaint. Contrary to the plaintiff's contention, the defendant demonstrated its prima facie entitlement to judgment as a matter of law by demonstrating that the vehicle's brakes functioned adequately for two days before the accident, as well as immediately before the collision (*see Tufano v Nor-Hgts. Serv. Ctr., Inc.*, 15 AD3d 470, 471 [2005]; *Breslin v Rij*, 259 AD2d 458 [1999]; *Williams v Healy Intl. Corp.*, 240 AD2d 403 [1997]).

In opposition, the plaintiff neither produced evidentiary proof in admissible form to raise a triable issue of fact nor demonstrated acceptable excuse for his failure to meet the requirement of tender in admissible form (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). The plaintiff failed to lay any foundation for the admissibility of the uncertified M&M invoice as a business record pursuant to CPLR 4518. While hearsay evidence of statements by an identified declarant has been held sufficient to withstand a motion for summary judgment under certain circumstances, no such circumstances are present in this case because the plaintiff has provided no excuse for his failure to tender this evidence in admissible form (*see Zuckerman v City of New York*, 49 NY2d at 562; *Cutter Bayview Cleaners, Inc. v Spotless Shirts, Inc.*, 57 AD3d 708, 710 [2008]; *Allstate Ins. Co. v Keil*, 268 AD2d 545, 545-546 [2000]).

Moreover, contrary to the Supreme Court's determination, the plaintiff's observation of his vehicle's brake calipers after his vehicle had already crashed into a wall did not raise a triable issue of fact as to the defendant's negligence. Accordingly, upon reargument, the Supreme Court should have adhered to its prior determination granting that branch of the defendant's motion which was for summary judgment dismissing the complaint.

In light of our determination, we need not reach the defendant's remaining contention. Mastro, J.P., Austin, Maltese and Barros, JJ., concur.