C.B. v New York City Tr. Auth. (2023 NY Slip Op 04650)

C.B. v New York City Tr. Auth.

2023 NY Slip Op 04650

Decided on September 20, 2023

Appellate Division, Second Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided on September 20, 2023
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

VALERIE BRATHWAITE NELSON, J.P.
LARA J. GENOVESI
BARRY E. WARHIT
HELEN VOUTSINAS, JJ.

2020-01619
 (Index No. 710451/16)

[*1]C.B., etc., et al., respondents, 
v
New York City Transit Authority, appellant.

Anna J. Ervolina, Brooklyn, NY (Timothy J. O'Shaughnessy of counsel), for appellant.
Joseph Soffer, Garden City, NY, for respondents.

DECISION & ORDER
In an action to recover damages for personal injuries, etc., the defendant appeals from an order of the Supreme Court, Queens County (Joseph Risi, J.), entered January 14, 2020. The order, insofar as appealed from, in effect, granted that branch of the plaintiffs' motion which was pursuant to CPLR 3126 to strike the defendant's answer for failure to comply with discovery to the extent of directing the defendant to produce repair-related records for the subject stairway, and a list of all employees and contractors that performed work on the subject stairway, for the period of two years prior to, and one year after, the date of the subject accident, and denied that branch of the defendant's cross-motion which was pursuant to CPLR 3103(a) for a protective order precluding the disclosure of those records.
ORDERED that the order is modified, on the law, (1) by deleting the provision thereof, in effect, granting that branch of the plaintiffs' motion which was pursuant to CPLR 3126 to strike the defendant's answer for failure to comply with discovery to the extent of directing the defendant to produce repair-related records for the subject stairway, and a list of all employees and contractors that performed work on the subject stairway, for the period of two years prior to, and one year after, the date of the subject accident, and substituting therefor a provision granting that branch of the motion to the extent of directing the defendant to produce repair-related records for the subject stairway, and a list of all employees and contractors that performed work on the subject stairway, for the period of two years prior to the date of the subject accident, and (2) by deleting the provision thereof denying that branch of the defendant's cross-motion which was pursuant to CPLR 3103(a) for a protective order precluding the disclosure of repair-related records for the subject stairway, and a list of all employees and contractors that performed work on the subject stairway, for the period [*2]of one year after the date of the subject accident, and substituting therefor a provision granting that branch of the cross-motion; as so modified, the order is affirmed insofar as appealed from, without costs or disbursements.
In August 2016, the infant plaintiff, by his father and natural guardian, and his father suing derivatively, commenced this action, inter alia, to recover damages for personal injuries the infant plaintiff allegedly sustained while descending a stairway at premises owned by the defendant. On January 15, 2018, the plaintiffs served a notice for discovery and inspection on the defendant, which was incorrectly dated June 13, 2017, requesting, among other things, the disclosure of certain records for the period of two years prior to, and one year after, the date of the subject accident. The plaintiffs subsequently moved, inter alia, pursuant to CPLR 3126 to strike the defendant's answer for failure to comply with discovery, including failing to respond to the notice for discovery and inspection, and the defendant cross-moved pursuant to CPLR 3103(a) for a protective order precluding the disclosure of the records requested in the notice for discovery and inspection. In an order entered January 14, 2020, the Supreme Court, inter alia, in effect, granted that branch of the plaintiffs' motion which was pursuant to CPLR 3126 to strike the defendant's answer to the extent of directing the defendant produce repair-related records for the subject stairway, and a list of all employees and contractors that performed work on the subject stairway, for the period of two years prior to, and one year after, the date of the subject accident, and denied that branch of the defendant's cross-motion which was for a protective order precluding the disclosure of those records. The defendant appeals.
CPLR 3101(a) provides that "[t]here shall be full disclosure of all matter material and necessary in the prosecution or defense of an action." However, "[a] party is not entitled to unlimited, uncontrolled, unfettered disclosure" (Geffner v Mercy Med. Ctr., 83 AD3d 998, 998). "Pursuant to CPLR 3103(a), the Supreme Court may issue a protective order striking a notice for discovery and inspection that is palpably improper" (Lombardi v Lombardi, 190 AD3d 964, 966; see U.S. Bank Trust, N.A. v Carter, 204 AD3d 727, 728). "The supervision of disclosure and the setting of reasonable terms and conditions therefor rests within the sound discretion of the trial court" (Mattocks v White Motor Corp., 258 AD2d 628, 629; see U.S. Bank Trust, N.A. v Carter, 204 AD3d at 728-729; Berkowitz v 29 Woodmere Blvd. Owners', Inc., 135 AD3d 798, 799).
Here, contrary to the defendant's contention, the Supreme Court providently exercised its discretion in directing the defendant to produce repair-related records for the subject stairway, and a list of all employees and contractors that performed work on the subject stairway, for the period of two years prior to the date of the subject accident. The plaintiffs demonstrated that those documents were material and necessary to the prosecution of this action, and the defendant failed to demonstrate that a protective order was warranted with respect to those documents (see Jones v LeFrance Leasing L.P., 81 AD3d 900, 903; Hualde v Otis El. Co., 235 AD2d 269, 270; see also CPLR 3103[a]; Yoshida v Hsueh-Chih Chin, 111 AD3d 704, 706).
However, the Supreme Court erred in directing the defendant to disclose such records for the one-year period after the date of the accident. "Evidence of subsequent repairs and remedial measures is not discoverable or admissible in a negligence case" (Soto v CBS Corp., 157 AD3d 740, 741 [internal quotation marks omitted]; see Graham v Kone, Inc., 130 AD3d 779, 780; Klatz v Armor El. Co., 93 AD2d 633, 637). "An exception to this rule applies if a defendant's maintenance of, or control over, the subject instrumentality is at issue" (Graham v Kone, Inc., 130 AD3d at 780; see Del Vecchio v Danielle Assoc., LLC, 94 AD3d 941, 942). Here, there is no issue [*3]as to the maintenance and control of the subject stairway (see Graham v Kone, Inc., 130 AD3d at 780; McConnell v Santana, 30 AD3d 481, 482; Orlando v City of New York, 306 AD2d 453, 454; Watson v FHE Servs., 257 AD2d 618; cf. Soto v CBS Corp., 157 AD3d at 741).
The parties' remaining contentions are without merit.
BRATHWAITE NELSON, J.P., GENOVESI, WARHIT and VOUTSINAS, JJ., concur.
ENTER:
Darrell M. Joseph
Acting Clerk of the Court