■ CHARLES McCAULEY, Respondent, v JOHN K. SIDOR et al., Appellants, CITY OF GLEN COVE, Defendant, and ORDER OF SONS OF ITALY IN AMERICA LODGE #1016 et al., Respondents. [708 NYS2d 898] —In an action to recover damages for personal injuries, the defendant John T. Sidor, s/h/a John K. Sidor and John T. Sidor, appeals, as limited by his brief, from so much of an order of the Supreme Court, Nassau County (Adams, J.), dated February 17, 1999, as granted the plaintiff's motion for

partial summary judgment on the issue of liability against him, and those branches of the cross motions of the defendants Nevins Amusements, Inc., and Harold Nevins, Jr., a/k/a Harold E. Nevins, a/k/a Harold Edgar Nevins, individually and as President of Nevins Amusements, Inc., and of the defendant Order Sons of Italy in America Lodge #1016, which were for summary judgment dismissing the cross claims insofar as asserted by him against them.

Ordered that the order is affirmed insofar as appealed from, with one bill of costs to the respondents appearing separately and filing separate briefs.

The plaintiff demonstrated that the unexcused violations by the defendant John T. Sidor, s/h/a John K. Sidor and John T. Sidor, of Vehicle and Traffic Law § 1110 (a) and § 1146 rendered his conduct negligent per se (*see, Martin v Herzog,* 228 NY 164; *Dalal v City of New York,* 262 AD2d 596). Therefore, the Supreme Court correctly granted the plaintiff's motion for summary judgment on the issue of liability as against Sidor (*cf., Mereu v Zuhi,* 250 AD2d 578; *Spivak v Heyward,* 248 AD2d 58).

Furthermore, the Supreme Court properly granted those branches of the respective cross motions of the defendants Nevins Amusements, Inc., and Harold Nevins, Jr., a/k/a Harold E. Nevins, a/k/a Harold Edgar Nevins, individually and as President of Nevins Amusements, Inc., and the defendant Order Sons of Italy in America Lodge #1016, which were for summary judgment dismissing the cross claims insofar as asserted by Sidor against them (*see, Margolin v Friedman,* 43 NY2d 982; *Abazis v Parks,* 189 AD2d 739).

Sidor's remaining contentions are without merit. Joy, J. P., Thompson, Krausman and Goldstein, JJ., concur.