■ STEPHANIE BATES, Respondent, v BASSAM YASIN et al., Appellants. [788 NYS2d 397]—

In an action to recover damages for personal injuries, the defendants appeal from an order of the Supreme Court, Kings County (Schneier, J.), dated March 19, 2004, which denied their motion for summary judgment dismissing the complaint.

Ordered that the order is reversed, on the law, with costs, the motion is granted, and the complaint is dismissed.

The defendants established their entitlement to judgment as a matter of law by offering sufficient evidence, in the form of deposition testimony, which demonstrated that they were not at fault in the happening of the subject motor vehicle accident (*see Alvarez v Prospect Hosp.*, 68 NY2d 320, 324 [1986]). The plaintiff, in opposition, failed to produce evidentiary proof in admissible form sufficient to raise a triable issue of fact (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]). The affirmation of the plaintiff's attorney has no probative weight and cannot raise a triable issue of fact (*see Zuckerman v City of New York, supra*). The only other evidence submitted by the plaintiff was the MV-104 police accident report. The unsworn, self-serving statement in the MV-104 by the plaintiff's decedent that the defendants' vehicle hit his vehicle was insufficient as a matter of law to raise a triable issue of fact (*see Lacagnino v Gonzalez*, 306 AD2d 250 [2003]; *Hoffman v Eastern Long Is. Transp. Enter.*, 266 AD2d 509, 510 [1999]; *Johnson v Phillips*, 261 AD2d 269, 270-271 [1999]; *Molina v NYRAC, Inc.*, 228 AD2d 655, 656 [1996]; *Rue v Stokes*, 191 AD2d 245, 246-247 [1993]). Accordingly, the Supreme Court erred in denying the defendants' motion for summary judgment. Smith, J.P., Luciano, Crane and Rivera, JJ., concur.