Luis A. Gomez et al., Appellants, v Sammy's Transport, Inc., et al., Respondents. [798 NYS2d 84]—

In an action to recover damages for personal injuries, the plaintiffs appeal from an order of the Supreme Court, Kings County (Lewis, J.), dated December 17, 2004, which denied their motion for summary judgment on the issue of liability.

Ordered that the order is reversed, on the law, with costs, and the motion is granted.

The Supreme Court erred in denying the plaintiffs' motion for summary judgment on the issue of liability. The affidavit of the plaintiff Luis A. Gomez established, prima facie, that the plaintiffs' vehicle was struck by the defendants' tractor trailer as the tractor trailer attempted to make a right-hand turn from the center lane of a three-lane street where a "No Turn" sign was present, in violation of Vehicle and Traffic Law § 1160 (a), (d) and § 1163 (a). By turning right at an intersection when the movement could not be made with reasonable safety, the defendant driver was negligent as a matter of law in colliding with plaintiffs' vehicle, and his negligence was the sole proximate cause of the accident (see Packer v Mirasola, 256 AD2d 394 [1998]). In opposition, the defendants failed to raise a triable issue of fact (see Zuckerman v City of New York, 49 NY2d 557, 563 [1980]). The defendants interposed only an affirmation of their attorney who lacked knowledge of the facts. The attorney's reliance on hearsay in the police report was insufficient to raise an issue of fact (see e.g. Bous v Fahey, 250 AD2d 638 [1998]).

The mere hope of the defendants' attorney that evidence sufficient to defeat the motion might be uncovered during the discovery process was insufficient to defeat the plaintiffs' motion for summary judgment on the issue of liability (see Neryaev v Solon, 6 AD3d 510 [2004]; Spatola v Gelco Corp., 5 AD3d 469, 470 [2004]; see generally Frouws v Campbell Foundry Co., 275 AD2d 761 [2000]). Florio, J.P., Krausman, Crane, Rivera and Fisher, JJ., concur.