■ Grace Blangiardo, Appellant, v Laurie Hirsch et al., Respondents. [815 NYS2d 692]—

In an action to recover damages for personal injuries, the plaintiff appeals (1) from an order of the Supreme Court, Queens County (Price, J.), dated January 31, 2005, which denied her motion for summary judgment in her favor on the issue of liability and (2) as limited by her brief, from so much of an order of the same court dated April 18, 2005, as, upon reargument, adhered to its original determination, and denied that branch of her motion which was for leave to renew.

Ordered that the appeal from the order dated January 31, 2005, is dismissed, as that order was superseded by the order dated April 18, 2005, made upon reargument; and it is further,

Ordered that the order dated April 18, 2005, is modified, on the law, by deleting the provision thereof, which, upon reargument, adhered to the prior order dated January 31, 2005, and substituting therefor a provision, upon reargument, granting the plaintiff's motion for summary judgment on the issue of liability; as so modified, the order dated April 18, 2005, is af-

firmed insofar as appealed from, and the order dated January 31, 2005 is modified accordingly; and it is further,

Ordered that one bill of costs is awarded to the plaintiff.

The plaintiff established her entitlement to judgment as a matter of law by demonstrating that the defendant Laurie Hirsch (hereinafter the defendant), in disregard of a sign that prohibited turns, turned right from the left lane of the southbound service roadway of the Clearview Expressway onto 43rd Avenue in Bayside, and therefore violated Vehicle and Traffic Law § 1110 (a) and § 1160 (a). In so doing, the defendant was negligent as a matter of law (see Gomez v Sammy's Transp., Inc., 19 AD3d 544 [2005]; McCauley v Sidor, 272 AD2d 528, 529 [2000]). Since the defendants failed to raise a triable issue of fact in opposition, the plaintiff's motion should have been granted (see Gomez v Sammy's Transp., Inc., supra; Bongiovi v Hoffman, 18 AD3d 686, 687 [2005]; Bolta v Lohan, 242 AD2d 356 [1997]).

The plaintiff's remaining contentions are academic. Florio, J.P., Luciano, Spolzino and Fisher, JJ., concur.