■ CHRISTINA HERNANDEZ, Appellant, v PACE ELEVATOR INC., Respondent, et al., Defendant. [894 NYS2d 382]—

The IAS court providently exercised its discretion in denying plaintiff's request for spoliation sanctions. There is no evidence that Pace refused to obey an order for disclosure or that it wilfully failed to disclose the contract at issue and any records of five-year tests. There is also no evidence that Pace destroyed the missing documents. Indeed, Pace's president testified that it searched for the missing documents, but could not find them. Under such circumstances, spoliation sanctions are not warranted (*see Voultepsis v Gumley-Haft-Klierer, Inc.*, 60 AD3d 524, 526 [2009]).

Because Pace's president sufficiently explained the unavailability of the contract and established that Pace did not lose it in bad faith, the IAS court properly determined that secondary evidence could be utilized to determine the terms of the lost contract (*see generally Schozer v William Penn Life Ins. Co. of N.Y.*, 84 NY2d 639, 643-644 [1994]). Although Pace's president could not recall all of the details of the contract, his deposition testimony and affidavit were sufficient to warrant summary judgment in Pace's favor, particularly since the City never disputed the existence or terms of the contract. Furthermore, plaintiff failed to present any evidence to raise an issue of fact as to whether Pace had a duty to maintain or repair the elevators.

Contrary to plaintiff's contention, this Court may review Pace's argument that it did not owe plaintiff a duty of care. Indeed, the legal argument is based on facts in the record and could not have been avoided by plaintiff had it been raised below (*see Chateau D' If Corp. v City of New York*, 219 AD2d 205, 209 [1996], *lv denied* 88 NY2d 811 [1996]). Moreover, the IAS court addressed the issue in its order. As the IAS court noted, a service contractor does not owe a noncontracting third party a duty of care, and none of the exceptions to this rule apply in

this case (*see Espinal v Melville Snow Contrs.*, 98 NY2d 136, 140 [2002]). Contrary to Pace's contention, the IAS court properly determined that Pace's contract with the City was not so comprehensive and exclusive as to displace the City's obligations to maintain the elevators in a safe condition (*see Fernandez v Otis El. Co.*, 4 AD3d 69, 73 [2004]).

The IAS court also properly determined that plaintiff's expert affidavit failed to raise an issue of fact as to whether Pace launched a force or instrument of harm by failing to exercise reasonable care in the performance of its duties. The expert's opinion that Pace was negligent for giving the subject elevator a satisfactory rating in October 2003 despite the fact that a five-year test had not been performed, was based on mistaken facts, namely that plaintiff's accident occurred in April 2004, not April 2003. The IAS court also properly discounted the expert's suggestion that Pace was negligent for failing to remove the elevator from service until a five-year test was completed. The expert's opinion is without factual support since there is no evidence that Pace had the authority, or was required, to shut an elevator down due to an overdue five-year test. Moreover, the expert never identified a specific cause of the accident. Where, as here, an expert's affidavit is "vague, conclusory and factually unsupported," it fails to raise an issue of fact as to the elevator company's liability (*Kleinberg v City of New York*, 27 AD3d 317, 317-318 [2006]; *see also Karian v G & L Realty, LLC*, 32 AD3d 261, 262-263 [2006]). Contrary to plaintiff's contention, the expert's conclusory assertion that it is industry-wide practice to remove an elevator from service until it passes a five-year test failed to raise an issue of fact as to Pace's negligence (*see Amatulli v Delhi Constr. Corp.*, 77 NY2d 525, 533 [1991]).

The IAS court properly determined that the doctrine of res ipsa loquitur does not apply in this case. The record indicates that Pace did not have exclusive control over the elevators at the time of plaintiff's accident (*see generally Karian*, 32 AD3d at 263-264). Indeed, the City's employees testified that only the City was responsible for maintaining and repairing the elevators.

Even if Pace owed plaintiff a duty of care, there is no evidence that it created or had notice of a defective condition (*see Clark v New York City Hous. Auth.*, 7 AD3d 440 [2004]), or that any negligence on its part was a substantial factor in causing plaintiff's accident (*see Karian*, 32 AD3d at 262). Concur—Gonzalez, P.J., Tom, Sweeny, Catterson and Abdus-Salaam, JJ.

**[Prior Case History: 21 Misc 3d 1113(A), 2008 NY Slip Op 52065(U).]**