BONNIE STIEF, Respondent, v URA, INC., et al., Appellants. [931 NYS2d 904]—

The defendants failed to meet their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (*see Toure v Avis Rent A Car Sys.*, 98 NY2d 345 [2002]; *Gaddy v Eyler*, 79 NY2d 955, 956-957 [1992]). The papers the defendants submitted failed to adequately address the plaintiff's claim, set forth in the bills of particulars, that the plaintiff sustained a medically determined injury or impairment of a nonpermanent nature which prevented her from performing substantially all of the material acts which constituted her usual and customary daily activities for not less than 90 days during the 180 days immediately following the subject accident (*see Reynolds v Wai Sang Leung*, 78 AD3d 919, 920 [2010]).

Since the defendants did not sustain their prima facie burden, it is unnecessary to determine whether the papers submitted by the plaintiff in opposition were sufficient to raise a triable issue of fact (*id.*).

Additionally, the plaintiff established her prima facie entitlement to summary judgment on the issue of liability by submitting evidence that the defendants' vehicle was involved in a rear-end collision with her own stopped vehicle (*see Giangrasso v Callahan*, 87 AD3d 521, 522 [2011]). The material submitted by the defendants in opposition to that branch of the plaintiff's cross motion failed to raise a triable issue of fact as to the existence of a nonnegligent explanation for the rear-end collision (*see generally Bates v Yasin*, 13 AD3d 474 [2004]).

Accordingly, the Supreme Court properly denied the defendants' motion for summary judgment dismissing the complaint and granted that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability. Mastro, J.P., Balkin, Chambers and Sgroi, JJ., concur.