█ JENNIFER KELLER, Respondent, v MD RASHID et al., Defendants, and MOHAMED LAKHAL et al., Appellants. [954 NYS2d 190]—

In an action to recover damages for personal injuries, the defendants Mohamed Lakhal and Chef Cab Corp. appeal, as limited by their brief, from so much of an order of the Supreme Court, Kings County (Kramer, J.), dated November, 1, 2011, as denied their motion for summary judgment dismissing the

complaint insofar as asserted against them, and granted that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability against them.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, the motion of the defendants Mohamed Lakhal and Chef Cab Corp. for summary judgment dismissing the complaint insofar as asserted against them is granted, and that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability against those defendants is denied.

The defendant taxi driver Mohamed Lakhal was stopped at a red light on 19th Street at the intersection of 6th Avenue in Manhattan. Lakhal's taxi was owned by the defendant Chef Cab Corp. (hereinafter Chef). According to Lakhal's deposition testimony, when the light turned green, he proceeded into the intersection at about 10 to 15 miles per hour. In the middle of the intersection, his taxi was struck on the driver's side door by another taxi. Lakhal testified at his deposition that the other taxi had run a red light. The plaintiff was a passenger in the other taxi, which was driven by the defendant MD Rashid and owned by the defendant Munor Cab Corp. The plaintiff testified at her deposition that she did not see the color of the traffic light at the time of the accident, and Rashid did not testify at a deposition.

The plaintiff commenced this action against the drivers and owners of both taxis. Lakhal and Chef (hereinafter together the appellants) moved for summary judgment dismissing the complaint insofar as asserted against them on the ground that they were not at fault in the happening of the accident, and on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the accident. The plaintiff opposed the motion and cross-moved for summary judgment on the issue of liability against all the defendants. In an order dated November 1, 2011, the Supreme Court, inter alia, denied the appellants' motion and granted that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability against the appellants.

In support of their motion for summary judgment, the appellants established that Rashid failed to properly observe and yield to the taxi driven by Lakhal, which had the right of way (*see Platt v Wolman*, 29 AD3d 663 [2006]). Lakhal was entitled to assume that Rashid would obey the traffic laws requiring him to stop at a red light (*see id.; see also Donohue v Chaudhry*, 63 AD3d 876, 877 [2009]). The plaintiff failed to raise a triable issue of fact in opposition (*see generally Stukas v Streiter*, 83

AD3d 18, 24 [2011]). Accordingly, the Supreme Court should have granted the appellants' motion for summary judgment dismissing the complaint insofar as asserted against them, and denied that branch of the plaintiff's cross motion which was for summary judgment on the issue of liability against the appellants.

In view of the foregoing, we need not address the appellants' remaining contention. Mastro, J.P., Skelos, Chambers and Sgroi, JJ., concur.