In an action to recover damages for personal injuries, etc., the plaintiffs appeal from so much of an order of the Supreme Court, Suffolk County (Farneti, J.), dated May 14, 2012, as granted that branch of the motion of the defendants Kristin Marino and Stamina Heating and Cooling, Inc., which was for summary judgment dismissing the complaint insofar as asserted against them, and the defendants Carmelina Franco and Nestor Trejo separately appeal, as limited by their brief, from so much of the same order as granted that branch of the same motion which was for summary judgment dismissing the cross claims asserted by them.
Ordered that the order is affirmed, with one bill of costs.
The plaintiff Johana Joaquin allegedly was injured while she was a passenger in a vehicle owned by the defendant Nestor Trejo and operated by the defendant Carmelina Franco (hereinafter together the Franco defendants), which collided with a vehicle owned by the defendant Stamina Heating and Cooling, Inc., and operated by the defendant Kristin Marino (hereinafter together the Marino defendants). In the order on appeal, the Supreme Court granted the Marino defendants’ motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them.
The Marino defendants demonstrated their prima facie entitlement to judgment as a matter of law by submitting evidence, in the form of the deposition testimony of Marino and two nonparty witnesses, that Franco entered the intersection *1010 where the collision occurred against a red traffic light, in violation of Vehicle and Traffic Law § 1110 (a) (see Simmons v Canady, 95 AD3d 1201, 1202 [2012]; Vainer v DiSalvo, 79 AD3d 1023 [2010]; Blangiardo v Hirsch, 29 AD3d 841, 842 [2006]), and that this was the sole proximate cause of the accident. A violation of the Vehicle and Traffic Law constitutes negligence as a matter of law (see Botero v Erraez, 289 AD2d 274 [2001]; Ferrara v Castro, 283 AD2d 392 [2001]; Packer v Mirasola, 256 AD2d 394 [1998]).
In opposition to the Marino defendants’ prima facie showing, the plaintiffs and the Franco defendants (hereinafter collectively the appellants) failed to raise a triable issue of fact. Contrary to the appellants’ contention, the allegation that Marino was driving approximately 50 miles per hour at the time of impact, in a location where the posted speed limit was 50 miles per hour, was insufficient to raise a question of fact as to Marino’s comparative fault, particularly where the appellants did not allege that weather conditions warranted a reduction in speed (see Galvin v Zacholl, 302 AD2d 965, 966-967 [2003]; Mosch v Hansen, 295 AD2d 717, 718 [2002]). Likewise, Marino’s deposition testimony that she did not take evasive action in the seconds before impact did not raise a triable issue of fact. “[A] driver with the right-of-way who has only seconds to react to a vehicle which has failed to yield is not comparatively negligent for failing to avoid the collision” (Yelder v Walters, 64 AD3d 762, 764 [2009]; see Cox v Weil, 86 AD3d 620, 621 [2011]), and “ ‘was entitled to anticipate that the [other driver] would obey the traffic law requiring her to yield’ ” (Briggs v Russo, 98 AD3d 547, 548 [2012], quoting Hull v Spagnoli, 44 AD3d 1007, 1007 [2007]; see Harris v Linares, 106 AD3d 873, 874 [2013]; Kotzias v Panagiotis, 91 AD3d 607, 607 [2012]; Gallagher v McCurty, 85 AD3d 1109, 1110 [2011]; Wesh v Laidlaw, 59 AD3d 534, 535 [2009]).
The parties’ remaining contentions are either without merit or academic in light of our determination.
Accordingly, the Supreme Court properly granted the Marino defendants’ motion for summary judgment dismissing the complaint and all cross claims insofar as asserted against them. Skelos, J.E, Leventhal, Chambers and Maltese, JJ., concur.