■ Lynnece L. Acosta et al., Respondents, v Consolidated Edison Company of New York, Inc., et al., Defendants, and Maspeth Supply Company, Appellant. [985 NYS2d 512]—

Order, Supreme Court, Bronx County (Douglas E. McKeon, J.), entered July 30, 2013, which, to the extent appealed from as

limited by the briefs, denied the motion of defendant Maspeth Supply Company (Maspeth) for summary judgment dismissing the complaint and all cross claims as against it, unanimously reversed, on the law, without costs, and the motion granted. The Clerk is directed to enter judgment accordingly.

Plaintiff Lynnece Acosta was struck by a vehicle operated by nonparty Vincente Reyes-Lopez as she attempted to cross First Avenue in or near the northern crosswalk at 110th Street. Reyes-Lopez had been traveling east on 110th Street, and his vehicle struck plaintiff after he executed a left turn onto First Avenue. Maspeth was performing work on First Avenue near its intersection with 110th Street, requiring the closure of the south crosswalk across First Avenue at the intersection as well as some traffic lanes on First Avenue. Maspeth's work area extended no further north than the middle of 110th Street. Plaintiff alleges that Maspeth's work and crosswalk closure on the south side of the intersection created dangerous traffic conditions for pedestrians in the north crosswalk where she was struck, by increasing or concentrating pedestrian and vehicular traffic at that location.

Maspeth established its entitlement to judgment as a matter of law by submitting evidence showing that its work on First Avenue extended no further north than the middle of 110th Street and that any materials north of this location did not belong to it (*see Jones v Consolidated Edison Co. of N.Y., Inc.*, 95 AD3d 659, 660 [1st Dept 2012]). Moreover, Reyes-Lopez's testimony indicated that his vision was not obstructed, when he made the left turn.

In opposition, plaintiff failed to raise a triable issue of fact. Plaintiff submitted an expert affidavit stating that Maspeth violated part 6 of the federal Manual on Uniform Traffic Control Devices (Manual) regarding the placement of warning signs, advance warnings signs, traffic cones, and other types of temporary traffic control devices to make the north crosswalk at the intersection safe for pedestrians. Plaintiff's expert, however, failed to specify what part 6 of the Manual requires with regard to the placement of such safety devices and further failed to assert how such safety devices could or should have been placed or arranged at the subject intersection to make it safer, or how it would have prevented the accident. Accordingly, the expert's opinions that Maspeth failed to comply with part 6 of the Manual, and that such alleged failure was a contributing cause of the accident, are conclusory (*see e.g. Hernandez v Pace El. Inc.*, 69 AD3d 493, 495 [1st Dept 2010]). Plaintiff failed to offer any other evidence that Maspeth's work created a danger-

ous condition on the north side of the intersection. Concur— Tom, J.P., Acosta, Andrias, DeGrasse and Richter, JJ.