SECOND DEPARTMENT, OCTOBER, 2015

(October 7, 2015)

■ ALLSTATE INSURANCE COMPANY, as Subrogee of COLIN WILTSHIRE, Respondent, v VISHNU RAMLALL, Appellant. [17 NYS3d 308]—In a subrogation action to recover amounts paid by the plaintiff to its insured for injury to property, the defendant appeals, as limited by his brief, from so much of an order of the Supreme Court, Rockland County (Walsh II, J.), dated August 27, 2014, as granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability.

Ordered that the order is reversed insofar as appealed from, on the law, with costs, and that branch of the plaintiff's motion which was for summary judgment on the issue of liability is denied.

This case arises from a two-vehicle collision between a vehicle that was insured by the plaintiff and a vehicle that was owned and operated by the defendant. The plaintiff disbursed the sum of $37,662.65 to its insured to cover the alleged cost of

damages sustained by its insured's vehicle as a result of that collision. Subsequently, the plaintiff, as subrogee of its insured, commenced this action against the defendant to recover the amount it had paid to its insured. In the order appealed from, the Supreme Court granted that branch of the plaintiff's motion which was for summary judgment on the issue of liability.

Evidence submitted in support of a motion for summary judgment must be in admissible form (*see Zuckerman v City of New York*, 49 NY2d 557, 563 [1980]; *Friends of Animals v Associated Fur Mfrs.*, 46 NY2d 1065, 1067 [1979]; *US Bank N.A. v Madero*, 125 AD3d 757, 758 [2015]; *Pagano v Kingsbury*, 182 AD2d 268, 270 [1992]). In support of that branch of its motion which was for summary judgment on the issue of liability, the plaintiff submitted a copy of its insured's unsworn MV-104 accident report, which constitutes inadmissible hearsay (*see Bates v Yasin*, 13 AD3d 474 [2004]; *Lacagnino v Gonzalez*, 306 AD2d 250 [2003]; *Hegy v Coller*, 262 AD2d 606, 606-607 [1999]; *Johnson v Phillips*, 261 AD2d 269, 270 [1999]; *Rue v Stokes*, 191 AD2d 245, 246 [1993]). It did not submit any admissible evidence on the issue of liability. Therefore, the plaintiff failed to demonstrate its prima facie entitlement to judgment as a matter of law on the issue of liability.

Failure to make a prima facie showing requires denial of the motion, regardless of the sufficiency of the opposing papers (*see Winegrad v New York Univ. Med. Ctr.*, 64 NY2d 851, 853 [1985]).

Accordingly, the Supreme Court should have denied that branch of the plaintiff's motion which was for summary judgment on the issue of liability. Rivera, J.P., Dickerson, Cohen and Barros, JJ., concur.