■ JIANG-HONG CHEN, Appellant, v HEART TRANSIT, INC., et al., Respondents. [39 NYS3d 504]—

In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Kings County (King, J.), entered December 10, 2015, which denied his motion for summary judgment on the issue of liability and dismissing the defendants' third affirmative defense, which alleged comparative negligence.

Ordered that the order is reversed, on the law, with costs, and the plaintiff's motion for summary judgment on the issue of liability and dismissing the defendants' third affirmative defense is granted.

The plaintiff alleges that on November 24, 2012, he sustained personal injuries when his vehicle was struck by a taxi owned by the defendant Heart Transit, Inc., and operated by the defendant Shahidul Hoque Kazi (hereinafter the defendant driver). The accident allegedly occurred at the intersection of 11th Avenue and West 28th Street in Manhattan. The plaintiff moved for summary judgment on the issue of liability and dismissing the defendants' third affirmative defense, which alleged comparative negligence. In support, the plaintiff submitted his own deposition testimony and affidavit, wherein he asserted that the traffic light was green as his vehicle approached and entered the intersection, and that the defendant driver entered the intersection against a red traffic light. The plaintiff also averred that the collision occurred no more than one second after he saw the defendants' vehicle enter the intersec-

tion. In opposition to the motion, the defendants, who were precluded from submitting the defendant driver's affidavit because of his failure to appear at a deposition, submitted the defendant driver's unsworn MV-104 accident report. The Supreme Court denied the motion.

The plaintiff established his prima facie entitlement to judgment as a matter of law by demonstrating that the defendant driver entered the intersection against a red traffic light and that this was the sole proximate cause of the accident (*see Joaquin v Franco*, 116 AD3d 1009, 1009-1010 [2014]; *Deleg v Vinci*, 82 AD3d 1146 [2011]; *Pitt v Alpert*, 51 AD3d 650, 651 [2008]). The plaintiff, who had the right-of-way, was entitled to assume that the defendant driver would obey the traffic law which required him to yield, and he was not comparatively negligent for failing to avoid the collision since he had no more than one second to react to the defendants' vehicle (*see Joaquin v Franco*, 116 AD3d at 1010; *Keller v Rashid*, 100 AD3d 831, 832-833 [2012]; *Yelder v Walters*, 64 AD3d 762, 764 [2009]).

In opposition, the defendants neither produced evidentiary proof in admissible form to raise a triable issue of fact nor demonstrated an acceptable excuse for the failure to meet the requirement of tender in admissible form (*see Zuckerman v City of New York*, 49 NY2d 557, 562 [1980]; *Vaccariello v Meineke Car Care Ctr., Inc.*, 136 AD3d 890, 893 [2016]). The defendant driver's unsworn MV-104 accident report constitutes inadmissible hearsay, and was insufficient to raise a triable issue of fact (*see Allstate Ins. Co. v Ramlall*, 132 AD3d 617, 618 [2015]; *Bates v Yasin*, 13 AD3d 474 [2004]). The fact that the defendants were precluded from submitting an affidavit from the defendant driver due to his failure to appear for a deposition does not constitute an acceptable excuse for the failure to tender evidence in admissible form (*see Zuckerman v City of New York*, 49 NY2d at 562; *Vaccariello v Meineke Car Care Ctr., Inc.*, 136 AD3d at 893; *Allstate Ins. Co. v Keil*, 268 AD2d 545, 545-546 [2000]). The defendants' conclusory and speculative assertions concerning the plaintiff's speed and possible negligence were insufficient to raise a triable issue of fact.

Accordingly, the Supreme Court should have granted the plaintiff's motion for summary judgment on the issue of liability and dismissing the defendants' third affirmative defense, which alleged comparative negligence. Rivera, J.P., Leventhal, Maltese and Barros, JJ., concur.