█ ENES KARADEMIR et al., Appellants, v D.A. MIRANDO-JELINEK et al., Respondents. [59 NYS3d 454]—

In an action to recover damages for personal injuries, etc., the plaintiffs appeal from an order of the Supreme Court, Suffolk County (Rouse, J.), dated September 29, 2015, which granted the defendants' motion for summary judgment dismissing the complaint on the ground that the plaintiff Enes Karademir did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident, and denied, as academic, their unopposed cross motion for summary judgment on the issue liability.

Ordered that the order is reversed, on the law, with costs, the defendants' motion for summary judgment dismissing the complaint is denied, and the plaintiffs' unopposed cross motion for summary judgment on the issue of liability is granted.

The defendants met their prima facie burden of showing that the plaintiff Enes Karademir (hereinafter the injured plaintiff) did not sustain a serious injury within the meaning of Insurance Law § 5102 (d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345 [2002]; Gaddy v Eyler, 79 NY2d 955, 956-957 [1992]). Specifically, the defendants submitted competent medical evidence establishing, prima facie, that the alleged injuries to the cervical and lumbar regions of the injured plaintiff's spine did not constitute serious injuries under the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102 (d) (see Staff v Yshua, 59 AD3d 614 [2009]).

In opposition, however, the plaintiffs submitted competent medical evidence raising a triable issue of fact as to whether the injured plaintiff sustained serious injuries to the cervical and lumbar regions of his spine (see Perl v Meher, 18 NY3d 208, 218-219 [2011]). Thus, the Supreme Court should have denied the defendants' motion for summary judgment dismissing the complaint.

Turning to the plaintiffs' unopposed cross motion for summary judgment on the issue of liability, while the Supreme Court denied the cross motion as academic, since the merits of the cross motion were litigated by the parties in the Supreme Court and fully briefed by the parties in this Court, we address the cross motion in the interest of judicial economy (see Bonafede v Bonito, 145 AD3d 842, 843-844 [2016]; Wright v Meyers & Spencer, LLP, 46 AD3d 805 [2007]).

A rear-end collision with a stopped vehicle establishes a prima facie case of negligence against the operator of the moving vehicle and imposes a duty on the latter to provide evidence of a nonnegligent explanation for the collision in order to rebut the inference of negligence (see Nikolic v City-Wide Sewer & Drain Serv. Corp., 150 AD3d 754, 755 [2017]; Leal v Wolff, 224 AD2d 392 [1996]). To prevail on their cross motion for summary judgment on the issue of liability, the plaintiffs were required to establish, prima facie, not only that the defendants were negligent, but also, that the injured plaintiff driver was free from comparative fault (see Nikolic v City-Wide Sewer & Drain Serv. Corp., 150 AD3d at 755).

Here, the plaintiffs established that the vehicle operated by the injured plaintiff had been stopped for 20 seconds in heavy

traffic when it was struck in the rear by the vehicle owned by the defendant Keith Jelinek and operated by the defendant D.A. Mirando-Jelinek. This was sufficient to establish the plaintiffs' prima facie entitlement to judgment as a matter of law (*see id.*; *Stief v URA, Inc.*, 89 AD3d 720, 721 [2011]). Since the defendants failed to opposed the cross motion, they failed to provide any nonnegligent explanation for the rear-end collision, or to raise any triable issue of fact as to the injured plaintiff's comparative fault, the plaintiffs' cross motion for summary judgment on the issue of liability must be granted. Chambers, J.P., Miller, Duffy and Connolly, JJ., concur. ▮