Mulhern v Gregory (2018 NY Slip Op 03374)





Mulhern v Gregory


2018 NY Slip Op 03374


Decided on May 9, 2018


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 9, 2018
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

CHERYL E. CHAMBERS, J.P.
SYLVIA O. HINDS-RADIX
JOSEPH J. MALTESE
ANGELA G. IANNACCI, JJ.


2016-03045
 (Index No. 602048/13)

[*1]Edward Mulhern, appellant, 
v
Michael Gregory, et al., respondents.


Kaston & Aberle, LLP, Mineola, NY (Richard M. Aberle of counsel), for appellant.
Martyn, Toher, Martyn & Rossi, Mineola, NY (Giovanna Condello and David Smith of counsel), for respondents.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from an order of the Supreme Court, Nassau County (George R. Peck, J.), entered February 16, 2016. The order granted the defendants' cross motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident, and denied, as academic, the plaintiff's unopposed motion for summary judgment on the issue of liability.
ORDERED that the order is reversed, on the law, with costs, the defendants' cross motion for summary judgment dismissing the complaint is denied, and the plaintiff's unopposed motion for summary judgment on the issue of liability is granted.
On August 19, 2010, the plaintiff was a passenger in a motor vehicle that was struck in the rear, while stopped, by a vehicle owned by the defendant Michael Gregory and operated by the defendant Sean Gregory. The plaintiff commenced this action against the defendants to recover damages for personal injuries he allegedly sustained as a result of the subject accident. Subsequently, the plaintiff moved for summary judgment on the issue of liability. The defendants cross-moved for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. The Supreme Court granted the defendants' cross motion, and denied the plaintiff's unopposed motion as academic. The plaintiff appeals.
The defendants met their prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The defendants submitted competent medical evidence establishing, prima facie, that the alleged injuries to the cervical and thoracic regions of the plaintiff's spine and to his left shoulder did not constitute a serious injury under the permanent consequential limitation of use or significant limitation of use categories of Insurance Law § 5102(d) (see Staff v Yshua, 59 AD3d 614; see also Lively v Fernandez, 85 AD3d 981, 981-982). The defendants also submitted evidence establishing that the plaintiff did not sustain a serious injury under the 90/180-day category of Insurance Law § [*2]5102(d) (see Kreimerman v Stunis, 74 AD3d 753).
In opposition, however, the plaintiff submitted evidence raising a triable issue of fact as to whether he sustained a serious injury to the cervical and thoracic regions of his spine as a result of the subject accident (see Perl v Meher, 18 NY3d 208, 218-219). Thus, the Supreme Court should have denied the defendants' cross motion for summary judgment dismissing the complaint.
In light of our determination, the plaintiff's unopposed motion for summary judgment on the issue of liability is no longer academic. We address the merits of the motion in the interest of judicial economy (see Karademir v Mirano-Jelinek, 153 AD3d 509, 510).
"A rear-end collision with a stopped or stopping vehicle creates a prima facie case of negligence with respect to the operator of the moving vehicle and imposes a duty on the operator to rebut the inference of negligence by providing a non-negligent explanation for the collision" (Zdenek v Safety Consultants, Inc., 63 AD3d 918, 918; see Robayo v Aghaabdul, 109 AD3d 892, 893; Jumandeo v Franks, 56 AD3d 614, 614; Arias v Rosario, 52 AD3d 551, 552; Hakakian v McCabe, 38 AD3d 493, 493).
Here, the plaintiff met his prima facie burden by demonstrating, through the submission of his undisputed deposition testimony, that the defendants' vehicle struck the rear of the vehicle in which he was a passenger while the latter vehicle was stopped (see Sayyed v Murray, 109 AD3d 464, 464). The defendants did not oppose the plaintiff's motion and, thus, failed to raise a triable issue of fact in opposition. Accordingly, the Supreme Court should have granted the plaintiff's motion for summary judgment on the issue of liability.
CHAMBERS, J.P., HINDS-RADIX, MALTESE and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court