Xin Fang Xia v Saft (2019 NY Slip Op 08248)





Xin Fang Xia v Saft


2019 NY Slip Op 08248


Decided on November 13, 2019


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 13, 2019
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

LEONARD B. AUSTIN, J.P.
JOHN M. LEVENTHAL
COLLEEN D. DUFFY
ANGELA G. IANNACCI, JJ.


2016-12263 
2017-05247
 (Index No. 501098/14)

[*1]Xin Fang Xia, appellant,
v
Laura Saft, respondent.


Napoli Shkolnik, PLLC, New York, NY (Joseph P. Napoli, Ashley M. Pappas, and Kristine M. Georgiou of counsel), for appellant.
James G. Bilello (Russo & Tambasco, Melville, NY [Yamile R. Al-Sullami and Jill Dabrowski], of counsel), for respondent.



DECISION & ORDER
In an action to recover damages for personal injuries, the plaintiff appeals from (1) an order of the Supreme Court, Kings County (Edgar G. Walker, J.), dated October 14, 2016, and (2) an order of the same court dated January 6, 2017. The order dated October 14, 2016, granted the defendant's motion for summary judgment dismissing the complaint on the ground that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident, and denied, as academic, the plaintiff's cross motion for summary judgment on the issue of liability. The order dated January 6, 2017, denied the plaintiff's motion for leave to renew or reargue his opposition to the defendant's motion.
ORDERED that the appeal from so much of the order dated January 6, 2017, as denied that branch of the plaintiff's motion which was for leave to reargue is dismissed, as no appeal lies from an order denying reargument; and it is further,
ORDERED that the appeal from so much of the order dated January 6, 2017, as denied that branch of the plaintiff's motion which was for leave to renew is dismissed as academic in light of our determination on the appeal from the order dated October 14, 2016; and it is further,
ORDERED that the order dated October 14, 2016, is reversed, on the law, the defendant's motion for summary judgment dismissing the complaint is denied, and the plaintiff's cross motion for summary judgment on the issue of liability is granted; and it is further,
ORDERED that one bill of costs is awarded to the plaintiff.
The plaintiff and the defendant were involved in a motor vehicle collision on Barclay Street, at or near its intersection with Broadway, in Manhattan. The plaintiff commenced this action to recover damages for his injuries. In the bill of particulars, the plaintiff alleged, inter alia, that he sustained a serious injury under the 90/180-day category of Insurance Law § 5102(d).
The defendant moved for summary judgment dismissing the complaint on the ground [*2]that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident. In support, she submitted, among other things, a transcript of the plaintiff's deposition testimony, in which the plaintiff stated that he did not resume his job as a driver until at least December 2012—approximately six months after the accident. The plaintiff opposed the defendant's motion, and also cross-moved for summary judgment on the issue of liability. In an order dated October 14, 2016, the Supreme Court granted the defendant's motion for summary judgment dismissing the complaint. The court also denied, as academic, the plaintiff's cross motion for summary judgment on the issue of liability. Subsequently, in an order dated January 6, 2017, the court denied the plaintiff's motion for leave to renew or reargue his opposition to the defendant's prior motion. The plaintiff appeals from both orders.
The appeal from so much of the order dated January 6, 2017, as denied that branch of the plaintiff's motion which was for leave to reargue must be dismissed, as no appeal lies from an order denying reargument (see Viola v Blanco, 1 AD3d 506, 507).
Regarding the order dated October 14, 2016, the Supreme Court should have denied the defendant's motion for summary judgment dismissing the complaint. The defendant failed to meet her prima facie burden of showing that the plaintiff did not sustain a serious injury within the meaning of Insurance Law § 5102(d) as a result of the subject accident (see Toure v Avis Rent A Car Sys., 98 NY2d 345; Gaddy v Eyler, 79 NY2d 955, 956-957). The papers submitted by the defendant failed to eliminate triable issues of fact regarding the plaintiff's claim, set forth in the bill of particulars, that he sustained a serious injury under the 90/180-day category of Insurance Law § 5102(d) (see Buchanan v Keller, 169 AD3d 989, 990-991; Espinal v Shortis, 164 AD3d 1217, 1218). Since the defendant did not sustain her prima facie burden, it is unnecessary to determine whether the papers submitted by the plaintiff in opposition were sufficient to raise a triable issue of fact (see Winegrad v New York Univ. Med. Ctr., 64 NY2d 851, 853).
While the Supreme Court denied, as academic, the plaintiff's cross motion for summary judgment on the issue of liability, since the merits of the cross motion were litigated by the parties in the Supreme Court and briefed by the parties in this Court, we address the motion in the interest of judicial economy (see Buchanan v Keller, 169 AD3d at 991; Karademir v Mirando-Jelinek, 153 AD3d 509, 510; Bonafede v Bonito, 145 AD3d 842, 843-844).
The Supreme Court should have granted the plaintiff's cross motion for summary judgment on the issue of liability. A plaintiff is no longer required to show freedom from comparative fault to establish her or his prima facie entitlement to judgment as a matter of law on the issue of liability (see Rodriguez v City of New York, 31 NY3d 312; Buchanan v Keller, 169 AD3d at 991). " A driver of a vehicle approaching another vehicle from the rear is required to maintain a reasonably safe distance and rate of speed under the prevailing conditions to avoid colliding with the other vehicle'" (Witonsky v New York City Tr. Auth., 145 AD3d 938, 939, quoting Nsiah-Ababio v Hunter, 78 AD3d 672, 672; see Vehicle and Traffic Law § 1129[a]). A rear-end collision with a stopped or stopping vehicle establishes a prima facie case of negligence on the part of the operator of the rear vehicle, thereby requiring that operator to rebut the inference of negligence by providing a nonnegligent explanation for the collision (see Tutrani v County of Suffolk, 10 NY3d 906; Buchanan v Keller, 169 AD3d at 991). Although a sudden stop of the lead vehicle may constitute a nonnegligent explanation for a rear-end collision, " vehicle stops which are foreseeable under the prevailing traffic conditions, even if sudden and frequent, must be anticipated by the driver who follows'" (Le Grand v Silberstein, 123 AD3d 773, 774, quoting Shamah v Richmond County Ambulance Serv., 279 AD2d 564, 565).
Here, the plaintiff testified at his deposition that he was reducing the speed of his vehicle, with his foot on the brake pedal, when his vehicle was struck in the rear by the defendant's vehicle. Likewise, the defendant's testimony at her deposition, a transcript of which was submitted by the plaintiff in support of his cross motion, was to the effect that her vehicle hit the plaintiff's vehicle in the rear while in "stop and go" traffic. Thus, the plaintiff established, prima facie, that the defendant's negligence was a proximate cause of the accident (see Rodriguez v City of New York, 31 NY3d 312; Buchanan v Keller, 169 AD3d at 992). In opposition to the plaintiff's prima facie [*3]showing, the defendant failed to raise a triable issue of fact.
In view of the foregoing, the appeal from so much of the order dated January 6, 2017, as denied that branch of the plaintiff's motion which was for leave to renew must be dismissed as academic.
AUSTIN, J.P., LEVENTHAL, DUFFY and IANNACCI, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court