Amezquita v RCPI Landmark Props., LLC (2021 NY Slip Op 02979)





Amezquita v RCPI Landmark Props., LLC


2021 NY Slip Op 02979


Decided on May 11, 2021


Appellate Division, First Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided and Entered: May 11, 2021

Before: Kern, J.P., González, Scarpulla, Mendez, JJ. 


Index No. 152845/16 Appeal No. 13799 Case No. 2020-04179 

[*1]Jennifer Amezquita, Plaintiff-Appellant,
v
RCPI Landmark Properties, LLC, et al., Defendants-Respondents.


Pollack, Pollack, Isaac & DeCicco, LLP, New York (Jillian Rosen of counsel), for appellant.
Sonageri & Fallon, LLC, Garden City (James L. Sonageri of counsel), for respondents.



Order, Supreme Court, New York County (Lynn R. Kotler, J.), entered on or about May 12, 2020, which granted defendants' motion for summary judgment dismissing the complaint, unanimously reversed, on the law, without costs, and the motion denied.
Defendants failed to establish prima facie that plaintiff was the sole proximate cause of the injuries she sustained when the manual freight elevator that she was operating suddenly stopped moving (see generally Powers v 31 E 31 LLC, 123 AD3d 421, 423 [1st Dept 2014]). Defendants submitted an affidavit by an expert professional engineer who opined — based on his review of the surveillance footage of plaintiff's accident and still images purportedly extracted therefrom — that plaintiff failed to fully close the elevator car's scissor gate, which then opened while the elevator car was in flight, triggering the elevator's sudden stop. However, they failed to submit the video footage on which their expert relied. Instead, in this electronically filed case, defendants submitted a sheet of paper that read, "Copy of the video to be provided upon the Court's request." The New York County e-filing protocol required parties who wished to submit exhibits "that cannot practically be e-filed," such as videos, to file NYSCEF Form EF 21 and consult with the County Clerk about how best to submit such exhibits (see Sup Ct, Civ Branch, NY County, Protocol on Courthouse and County Clerk Procedures for Electronically Filed Cases § B[10] [rev Aug. 15, 2019], available at https://perma.cc/8LUK-8CBK [cached Apr. 5, 2021]; see also Uniform Civil Rules for the Supreme Court and the County Court [22 NYCRR] §§ 202.5-b[d][7]; 202.5-bb[a][1]). Because defendants failed to comply with these procedures, the video never became part of the record and thus cannot be reviewed by this Court. 
Absent the video, the record evidence does not establish that plaintiff was the sole proximate cause of her injuries. The still images annexed to defendants' expert's affidavit do not establish prima facie that, as the expert opined, the scissor gate did not fully close because of suboptimal effort on plaintiff's part, as opposed to some defect in the scissor gate or the elevator that prevented the scissor gate from either fully closing or staying fully closed. Indeed, on its face, the expert's affidavit raises issues of fact as to whether the elevator should not have been able to run if plaintiff did not fully close the scissor gate before her accident (see generally Diaz v New York Downtown Hosp., 99 NY2d 542, 544 [2002] ["Where the expert's ultimate assertions are speculative or unsupported by any evidentiary foundation, . . . the opinion should be given no probative force"]; Hernandez v Pace El. Inc., 69 AD3d 493, 495 [1st Dept 2010]).
Accordingly, defendants' motion should be denied without regard to the
sufficiency of plaintiff's papers in opposition (see Pullman v Silverman, 28 NY3d 1060, 1062 [2016]).
THIS CONSTITUTES THE DECISION [*2]AND ORDER
OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: May 11, 2021