B. E. M. v Warwick Val. Cent. Sch. Dist. (2022 NY Slip Op 02991)





B. E. M. v Warwick Val. Cent. Sch. Dist.


2022 NY Slip Op 02991


Decided on May 4, 2022


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on May 4, 2022
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

COLLEEN D. DUFFY, J.P.
ROBERT J. MILLER
JOSEPH A. ZAYAS
LARA J. GENOVESI, JJ.


2018-05569
 (Index No. 9243/06)

[*1]B. E. M., etc., et al., appellants, 
v
Warwick Valley Central School District, et al., respondents.


Jonathan Rice (Kenneth J. Gorman, New York, NY, of counsel), for appellants.
Henderson & Brennan, White Plains, NY (Brian C. Henderson of counsel), for respondents Warwick Valley Central School District, Warwick Valley High School, and Gregory Sirico.
Kaufman Borgeest & Ryan LLP, Valhalla, NY (David Bloom of counsel), for respondent Wayne Rossi.



DECISION & ORDER
In an action, inter alia, to recover damages for negligence, the plaintiffs appeal from an order of the Supreme Court, Orange County (Robert A. Onofry, J.), dated February 20, 2018. The order, insofar as appealed from, denied those branches of the plaintiffs' motion which were for summary judgment on the issues of (1) the vicarious liability of the defendants Warwick Valley Central School District and Warwick Valley High School for the conduct of the defendant Wayne Rossi, and (2) the liability of the defendants Warwick Valley Central School District and Warwick Valley High School with respect to those defendants' alleged violation of 8 NYCRR 135.4 and the New York State Public High School Athletic Association's Handbook, and for the imposition of discovery sanctions against the defendants Warwick Valley Central School District, Warwick Valley High School, and Gregory Sirico, and granted those branches of the motion of the defendants Warwick Valley Central School District, Warwick Valley High School, and Gregory Sirico, and the cross motion of the defendant Wayne Rossi which were for summary judgment dismissing the plaintiffs' demand for punitive damages.
ORDERED that the order is modified, on the law, by deleting the provision thereof denying that branch of the plaintiffs' motion which was for summary judgment on the issue of the vicarious liability of the defendants Warwick Valley Central School District and Warwick Valley High School for the conduct of the defendant Wayne Rossi, and substituting therefor a provision granting that branch of the motion; as so modified, the order is affirmed insofar as appealed from, with one bill of costs to the respondent Wayne Rossi payable by the appellants.
Under the doctrine of vicarious liability, liability for another person's wrongdoing is imputed to the defendant (see Bennett v State Farm Fire & Cas. Co., 198 AD3d 857). "Pursuant to this doctrine, the employer may be liable when the employee acts negligently or intentionally, so long as the tortious conduct is generally foreseeable and a natural incident of the employment" (C.B. v Incorporated Vil. of Garden City, 194 AD3d 897, 899 [internal quotation marks omitted]). Here, [*2]in support of their motion, the plaintiffs submitted a discovery response from the defendant Warwick Valley Central School District (hereinafter the district) dated February 11, 2009, wherein the district clerk listed the defendant Wayne Rossi as part of "medical personnel" at the district's football games. Thus, the plaintiffs demonstrated, prima facie, that the district and the defendant Warwick Valley High School (hereinafter together the school defendants) were aware that Rossi acted in the capacity of medical personnel at the games, thereby establishing the school defendants' vicarious liability.
In opposition, the school defendants' counsel submitted only an unsworn statement attempting to retract the district's admission that Rossi was considered to be medical personnel at the games in 2005 (see Han Hao Huang v "John Doe", 169 AD3d 1014; Bates v Yasin, 13 AD3d 474), which was insufficient to defeat summary judgment.
The plaintiffs' remaining contentions are without merit.
DUFFY, J.P., MILLER, ZAYAS and GENOVESI, JJ., concur.
ENTER:
Maria T. Fasulo
Clerk of the Court