Richardson v Garely (2024 NY Slip Op 00250)

Richardson v Garely

2024 NY Slip Op 00250

Decided on January 18, 2024

Appellate Division, First Department

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the Official Reports.

Decided and Entered: January 18, 2024

Before: Kennedy, J.P., Mendez, Rodriguez, Michael, JJ. 

Index No. 805308/17 Appeal No. 1465 Case No. 2022-04692 

[*1]Remy Richardson, Plaintiff-Respondent,
v
Alan Garely, M.D., Defendant-Appellant, South Nassau Communities Hospital, et al., Defendants.

Rawle & Henderson, LLP, New York (Michael H. Zhu of counsel), for appellant.
Merson Law, PLLC, New York (Giovanna Mabile of counsel), for respondent.

Order, Supreme Court, New York County (Erika M. Edwards, J.), entered on or about September 28, 2022, which, to the extent appealed from, granted plaintiff's motion for spoliation sanctions against defendant Alan Garely, M.D. to the extent of imposing an adverse inference charge at trial, unanimously reversed, on the law and the facts and in the exercise of discretion, without costs, and the motion denied.
Supreme Court improvidently exercised its discretion in imposing spoliation sanctions against Dr. Garely, as the circumstances presented do not warrant sanctions (see Hernandez v Pace El. Inc., 69 AD3d 493, 494 [1st Dept 2010]). Defendant The Mount Sinai Hospital, Dr. Garely's employer, produced a certified copy of plaintiff's medical records, and Dr. Garely later substantially complied with plaintiff's discovery demands by producing several additional documents that plaintiff claimed were missing from the certified copy of the records (see Bach v City of New York, 33 AD3d 544, 545 [1st Dept 2006]). The record does not demonstrate that Dr. Garely refused to obey any disclosure orders, willfully or otherwise, or that he deliberately destroyed the missing documents. Moreover, the allegedly missing documents consist of a typed note recounting an office visit, for which plaintiff has Dr. Garely's corresponding handwritten note, as well as a bladder scan image, for which plaintiff has the corresponding report.
In light of the fact that Mount Sinai is the custodian of plaintiff's medical records, the record gives no indication that Dr. Garely failed to preserve the relevant documents after receiving notice of the impending action, or that he was responsible for the loss of the documents (see Rossi v Doka USA, Ltd., 181 AD3d 523, 525-526 [1st Dept 2020]; Voom HD Holdings LLC v Echostar Satellite L.L.C., 93 AD3d 33, 45 [1st Dept 2012]). Nor is there any indication that the missing documents are crucial or even relevant to plaintiff's allegations against Dr. Garely (see Pennachio v Costco Wholesale Corp., 119 AD3d 662, 665 [2d Dept 2014]).
THIS CONSTITUTES THE DECISION AND ORDER OF THE SUPREME COURT, APPELLATE DIVISION, FIRST DEPARTMENT.
ENTERED: January 18, 2024