Deal v Bank of Am. Leasing Capital, LLC (2024 NY Slip Op 51354(U))

[*1]

Deal v Bank of Am. Leasing Capital, LLC

2024 NY Slip Op 51354(U)

Decided on September 30, 2024

Supreme Court, Kings County

Maslow, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and will not be published in the printed Official Reports.

Decided on September 30, 2024
Supreme Court, Kings County

Landon D. Deal, Plaintiff,

against
Bank of America Leasing Capital, LLC, KWOK W. LAM, INO TRANSPORTATION, CORP., 
 and GODWIN F. OKPALAKU, Defendants.

Index No. 524882/2023

Wilson, Elser, Moskowitz, Edelman & Dicker LLP, New York City (Guy Des Rosiers of counsel), for defendants Bank of America Leasing Capital, LLC and Kwok W. Lam.
Baker, McEvoy & Moskovits, Brooklyn (Yehuda Willner of counsel) and Law Offices of Michael Dachs, New York City (Michael Dachs of counsel) for defendants INO Transportation Corp. and Godwin F. Okpalaku.

Aaron D. Maslow, J.

The following numbered papers were used on this motion: NYSCEF Document Numbers 42-54, 63, 65-67 (filed by Defendants Bank of America Leasing Capital, LLC and Kwok W. Lam); NYSCEF Document Numbers 56-57 (filed by Defendants INO Transportation, Corp. and Godwin F. Okpalaku); NYSCEF Document Number 64 (filed by Court).
In an action by the plaintiff to recover damages for personal injuries, the defendants Bank of America Leasing Capital, LLC and Kwok W. Lam move pursuant to CPLR 3212 for summary judgment in their favor, dismissing the complaint and cross-claims against them.
Upon the foregoing papers, and having heard oral argument in open court on the record,[FN1]

IT IS HEREBY ORDERED that the defendants Bank of America Leasing Capital, LLC [*2]and Kwok W. Lam's motion for summary judgment is GRANTED IN ITS ENTIRETY.
The plaintiff alleges that on July 13, 2023, he sustained personal injuries when, as a passenger in the vehicle owned by the defendant INO Transportation Corp. and operated by the defendant Godwin F. Okpalaku, said vehicle was involved in a collision with one owned by the defendant Bank of America Leasing Capital, LLC and operated by the defendant Kwok W. Lam. The accident allegedly occurred at the intersection of Avenue D and New York Avenue in Brooklyn.
The defendants Bank of America Leasing Capital, LLC and Lam ("moving defendants") move for summary judgment in their favor, dismissing (a) the plaintiff's complaint and (b) cross-claims of the defendants INO Transportation Corp. and Okpalaku alleging culpable conduct of, and indemnification and contribution from, the moving defendants.
In support of the motion, the moving defendants submitted the affidavit of the defendant Lam, wherein he asserted that he was traveling westbound on Avenue D, that nothing obstructed his view, that he had a green light as he approached the intersection of New York Avenue, and that the vehicle owned by the defendant INO Transportation Corp. and operated by the defendant Okpalaku suddenly and unexpectedly jumped out on his left side from New York Avenue and collided into his vehicle's driver side. Additionally, added the defendant Lam, there was nothing he could have done to avoid the accident, as there was approximately one second from when the other vehicle appeared in the intersection against the red light controlling that vehicle's travel, until the collision occurred. Moreover, the defendant Lam averred that visibility was good.[FN2]

In opposition to the motion, the defendants INO Transportation Corp. and Okpalaku submitted the affirmation of attorney John McEvoy, asserting that the motion was premature due to incomplete discovery, an uncertified police report, and an unsworn MV-104 accident report and a driver accident statement, both signed by the defendant Okpalaku. In these documents, the defendant Okpalaku alleged that he had a green light in his favor and that the defendant Lam ran a red light. The plaintiff did not submit a response to the motion.
The moving defendants Bank of America Leasing Capital, LLC and Lam established their prima facie entitlement to judgment as a matter of law by demonstrating that the defendant driver Okpalaku entered the intersection against a red traffic light and that this was the sole proximate cause of the accident (see Jiang-Hong Chen v Heart Tr., Inc., 143 AD3d 945, 946 [2d Dept 2016]; Joaquin v Franco, 116 AD3d 1009, 1009-1010 [2d Dept 2014]; Deleg v Vinci, 82 AD3d 1146 [2d Dept 2011]; Pitt v Alpert, 51 AD3d 650, 651 [2d Dept 2008]). The defendant Lam, who had the right-of-way, was entitled to assume that the defendant driver Okpalaku would obey the traffic law which required him to yield; the defendant Lam was not comparatively negligent for failing to avoid the collision since he had no more than one second to react to the approach of the vehicle operated by Okpalaku (see Jiang-Hong Chen v Heart Tr., Inc., 143 AD3d at 946; Joaquin v Franco, 116 AD3d at 1010; Keller v Rashid, 100 AD3d 831, 832-833 [d Dept 2012]; Yelder v Walters, 64 AD3d 762, 764 [2d Dept 2009]).
In opposition, the defendants INO Transportation Corp. and Okpalaku neither produced [*3]evidentiary proof in admissible form to raise a triable issue of fact nor demonstrated an acceptable excuse for the failure to meet the requirement of tender in admissible form (see Zuckerman v City of New York, 49 NY2d 557, 562 [1980]; Vaccariello v Meineke Car Care Ctr., Inc., 136 AD3d 890, 893 [2d Dept 2016]). The defendant driver Okpalaku's unsworn MV-104 accident report and driver accident statement (presumably written for his employer or insurance carrier) constitute inadmissible hearsay, and were insufficient to raise a triable issue of fact (see Jiang-Hong Chen v Heart Tr., Inc., 143 AD3d at 946; Allstate Ins. Co. v Ramlall, 132 AD3d 617, 618 [2d Dept 2015]; Bates v Yasin, 13 AD3d 474 [2d Dept 2004]; Reed v New York City Tr. Auth., 299 AD2d 330, 332 [2d Dept 2002]); Daliendo v Johnson, 147 AD2d 312, 321 [2d Dept 1989]. The hearsay statements in the police report, which was not certified, are likewise inadmissible (see Yassin v Blackman, 188 AD3d 62, 66-67 [2d Dept 2020]). The defendants INO Transportation Corp. and Okpalaku's conclusory and speculative assertions concerning the defendant Lam's speed, control of his vehicle, duty to see what there was to be seen, ability to avoid an accident, and possible negligence, contained within their attorney's affirmation, were insufficient to raise a triable issue of fact. The attorney's affirmation was not based upon personal knowledge and is of no probative or evidentiary significance (see United Specialty Ins. v Columbia Cas. Co., 186 AD3d 650, 651 [2d Dept 2020]; Browne v Castillo, 288 AD2d 415 [2d Dept 2001]). The claim by the defendants INO Transportation Corp. and Okpalaku that the motion was premature due to incomplete discovery must be rejected since Okpalaku possesses knowledge of the factual circumstances as to how he collided with the vehicle operated by Lam; discovery would serve no purpose (see Johnson v Phillips, 261 AD2d 269, 270 [1st Dept 1999]). As noted above, the plaintiff did not submit anything in response to the subject summary judgment motion made by the defendants Bank of America Leasing Capital, LLC and Lam, thereby conceding said moving defendants' prima facie case of entitlement to summary judgment.
Accordingly, the Court GRANTS the defendants Bank of America Leasing Capital, LLC and Lam's motion for summary judgment dismissing (a) the plaintiff's complaint and (b) cross-claims of the defendants INO Transportation Corp. and Okpalaku alleging culpable conduct on the part of Bank of America Leasing Capital, LLC and Lam, and the right to indemnification and contribution from the latter. The Clerk shall issue judgment (a) dismissing the plaintiff's complaint against the defendants Bank of America Leasing Capital, LLC and Kwok W. Lam, and (b) dismissing the cross-claims interposed by the defendants INO Transportation Corp. and Okpalaku against the defendants Bank of America Leasing Capital, LLC and Kwok W. Lam.
The foregoing constitutes the Decision and Order of the Court.
E N T E R
AARON D. MASLOW
Justice of the Supreme Court of the State of New York

Footnotes

Footnote 1:Transcripts may be procured from the court reporter (see Matter of Lewandowski v Office of Ct. Admin., 173 Misc 2d 335 [Sup Ct, Albany County 1997]). Counsel are reminded of the provisions requiring that an opinion or decision be included in the record on appeal should one be taken (see CPLR 5526; 22 NYCRR 1250.7 [b] [4], [d] [1] [iii]).

Footnote 2:The video purportedly submitted by the moving defendants was not considered by the Court due to the failure to file NYSCEF Form EF-21 (see IAS Part 2 Rules, Part II, Subpart B, § 18 [https://ww2.nycourts.gov/courts/2jd/kings/civil/MaslowRules.shtml, last accessed Sept. 30, 2024]; Amezquita v RCPI Landmark Props., LLC, 194 AD3d 475 [1st Dept 2021]).